### 5139.  JONES *v.* SAVANNAH HOTEL COMPANY.

RUSSELL, C. J.  In view of the instructions of the Supreme Court in response to the questions certified to it by this court in this case (141 *Ga.* 530, 81 S. E. 874), there is no merit in the exceptions to the charge of the court.  And there was no error in overruling the plaintiff's motion for a new trial, since there was evidence authorizing the jury to find that the innkeeper had an iron safe for the deposit of valuable articles, and that in the room occupied by the guest a notice had been posted, as required by section 3510 of the Civil Code.  This being the case, the innkeeper was not liable for the value of the watch and jewelry stolen, even though the jury were satisfied, from the evidence, that the theft was due to the negligence of the innkeeper in failing to provide a suitable lock, or to his negligence in so placing a fire-escape as to afford easy access to the room from the street.

> *Judgment affirmed.  Wade, J., not presiding.*
> DECIDED JUNE 22, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 26, 1913.

The questions submitted to the Supreme Court by the Court of Appeals in this case were:

1. A female guest at an inn retired for the night, and, before doing so, took from her person the following articles, which she had been wearing for personal adornment and which were suitable to her station in life, and placed them upon the bureau in her room: five diamond rings, one watch-bracelet, one topaz chain and a watch. During the night all of these articles were stolen from the room by some person unknown. The innkeeper had an iron safe for the deposit of valuable articles, and had posted in the room of the guest the notice required by section 3510 of the Civil Code. Is the guest entitled to recover from the innkeeper the value of the property stolen?

2. If, in answer to the foregoing question, this court should be instructed that the articles above described were such as are in the purview of the foregoing section of the code, would the guest, notwithstanding any negligence in her failure to deposit the articles in the innkeeper's safe, be entitled to recover, if it appeared that the articles were stolen in consequence of the negligence of the innkeeper, either in failing to provide a suitable lock on the door, or in placing a fire-escape in such a manner as to afford easy access to the room of the guest from the street below?

*O'Byrne, Hartridge & Wright,* for plaintiff.
*Adams & Adams,* for defendant.