## PIERCE OIL CORPORATION v. TAYLOR.*

(Circuit Court of Appeals, Eighth Circuit. April 6, 1920.)

No. 5354.

**1. Explosives ☞9—Negligent sale shown.**

Evidence *held* to sustain a verdict finding that defendant was negligent in selling as kerosene an oil much more inflammable and explosive than kerosene, that might lawfully be sold, and that plaintiff's intestate was killed by an explosion of such oil without negligence on her part.

**2. Explosives ☞9—Kindling fire with kerosene not negligence as matter of law.**

It cannot be said as matter of law that the use of kerosene in kindling a fire constitutes contributory negligence, regardless of the care exercised.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by Elihu Taylor, administrator of the estate of Alice Taylor, deceased, against the Pierce Oil Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

James B. McDonough, of Ft. Smith, Ark. (Boyle & Priest, of St. Louis, Mo., on the brief, and J. J. Montgomery, of Clarksville, Ark., of counsel), for plaintiff in error.

Ira D. Oglesby, Jr., of Ft. Smith, Ark. (George O. Patterson, of Clarksville, Ark., and Ira D. Oglesby and Ben Cravens, both of Ft. Smith, Ark., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges.

HOOK, Circuit Judge. This was an action by the administrator for the death of Alice Taylor, caused by the sale by the defendant corporation of an oil as and for kerosene, but in fact much more inflammable, and by its explosion when used. A verdict and judgment for the plaintiff resulted. The defendant sold and delivered the oil to a firm of retail merchants, knowing it was for resale to their customers as kerosene. A gallon of it was purchased as kerosene from the retail firm for use in plaintiff's family, of which the deceased was a member. While she was using it to kindle a fire in a stove, it violently exploded, and she was so severely burned that her death soon followed. It was charged that, instead of being kerosene, as represented, the oil was gasoline, or of a character much more inflammable than the lawful standard of the former. The general principles of direct liability of an oil refiner and dealer to the ultimate purchaser in such cases appear in Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453, and we need not discuss them here.

[1] Naturally the principal controversy at the trial was over the true character of the oil sold and delivered by defendant to the retail firm. The sufficiency of the evidence was raised by defendant's motion for a directed verdict. The motion was denied, and the question is now presented here whether there was substantial evidence to support the verdict. We do not, on appeal, weigh conflicts in the evi-

dence or the credibility of the witnesses. That the verdict was adequately supported needs only a recital of the following facts, which we think the jury were justified in believing from the proofs:

The retail firm dealt in kerosene, but not gasoline. They had been out of kerosene for several days before receiving from defendant two drums or barrels of oil purporting to be kerosene; their store tank or container was empty. The contents of the barrels were traced in a way which reasonably precluded the chance of an accidental admixture with other liquids more inflammable than kerosene. The plaintiff's family, customers of the retail firm, did not use gasoline; they also had been out of oil. They had an ordinary gallon coal oil can, which was empty when taken to the store. It was filled from the new supply furnished by defendant. There was no fire in the stove when the deceased poured oil from the can on the kindling; the explosion followed the use of a lighted match at the stove, and was unusually violent and destructive.

Two separate samples of the oil were taken at different times and tested by a chemist experienced in such matters. One of them was taken by a member of the retail firm from the supply in the store and sent by him to the chemist. The other was taken from a quantity purchased at the store by a neighbor of the deceased. The tests disclosed ingredients in both samples found in gasoline, but not properly present in kerosene of the standard prescribed by the state law. The points or degrees of temperature at which they flashed, burned, and boiled were very much lower than for kerosene, and indicated a more quickly explosive character. Of course, there was a possibility of a malicious tampering with the oil after defendant delivered it to the retail firm, and also of a doctoring of the samples tested. But it rested in mere suggestion or argument, and was without real basis for suspicion. The fact that the samples were taken at different times, by different persons, and were tested with the same results, strongly tends to show their verity, and that they truly indicated what was being handled at the store, and, with other proof, what was furnished by defendant. It may be further observed that soon after the accident an officer of defendant obtained from the retail firm a sample from each of the two barrels of oil, but no evidence was offered of any analysis or test of them.

[2] The evidence disclosed quite minutely the actions of the deceased just prior to the explosion. It cannot be said as matter of law that the use of kerosene in kindling a fire constitutes contributory negligence, regardless of the care exercised. Waters-Pierce Oil Co. v. Deselms, supra; Ellis v. Republic Oil Co., 133 Iowa, 11, 110 N. W. 20. Whether the deceased exercised reasonable care under the circumstances was submitted to the jury under appropriate instructions, and the state of the evidence was not such as to require a finding contrary to that implied by their verdict.

It is contended that the court erred in excluding the testimony of an agent of defendant that no complaints from other purchasers of the oil had been received. But the court afterwards reversed its ruling, and defendant then introduced a number of witnesses, who testified

as to their purchases and experiences with the same lot of oil. It is sufficient to say that the error, if any, was cured.

It is further contended that the court erroneously charged the jury that the explosion was evidence of defendant's negligence. We think the instructions were as favorable to defendant as it could rightfully ask. The court charged that negligence could not be presumed from the fact of explosion, but that the explosion might be considered with the other evidence; also that the explosion and fatal injury to the deceased would not alone authorize the jury to find that defendant sold and delivered to the retail merchants an oil more highly inflammable and explosive than kerosene. There was considerable evidence of the respective characteristics of kerosene and gasoline; that as an explosive the former had greater force than the latter, .but that the conditions under which it would explode were quite different; that gasoline is more volatile and inflammable, and readily explodes at a much lower temperature, etc. The evidence also disclosed the circumstances of the explosion in question, among which was the bursting of the oil can, 2 or 3 feet from the stove where the match was applied. The court properly allowed the jury to consider the explosion and its circumstances in determining the character of the oil. It did not, as argued, apply the doctrine res ipsa loquitur.

The other assignments of error are not well founded, and do not require particular mention.

The judgment is affirmed.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes