PIERCE OIL CORPORATION *v.* TAYLOR.

Opinion delivered January 24, 1921.

1. JUDGMENT—WHEN NOT A BAR TO SECOND ACTION.—A judgment for an administrator in an action for death of his intestate in a fire caused by defendant's negligence did not preclude the owner of money in intestate's possession as gratuitous bailee at time of fire, which was destroyed by the fire, from recovery therefor in a separate action against defendant.

2. BAILMENT—RIGHT OF ACTION FOR LOSS OF THING BAILED.—The right of action for injury to or loss of property while in the possession of a gratuitous bailee is in the general owner and not in the bailee as special owner.

3. DEATH—APPLICATION OF LORD CAMPBELL'S ACT.—Crawford & Moses' Digest, §§ 1074-5, providing for recovery of damages for wrongful death, relates only to actions for death, and not to actions for injuries to property.

4. COURTS—AUTHORITY OF DECISION OF FEDERAL COURT.—A finding of the Federal court as to the sufficiency of evidence to sustain a finding of negligence on the part of this defendant in an action by an administrator for death of his intestate is not binding on the State courts in a subsequent action by the owner of property in the intestate's possession at the time of her death, which was destroyed by defendant's negligence.

5. EXPLOSIVES—NEGLIGENCE.—Evidence held to justify a finding that defendant sold, as kerosene, oil that was dangerous, and which was not in fact kerosene of the standard required by law.

6. EXPLOSIVES — EXPLOSION — BURDEN OF PROOF.—In an action for damages caused by an explosion of oil sold as kerosene and alleged not to comply with the lawful standard, the plaintiff has the burden of proving negligence; there being no presumption from the happening of the explosion.

7.  EXPLOSIVES—NEGLIGENCE.—Negligence in selling dangerous oil as
    kerosene may be proved by circumstantial evidence.

8.  EXPLOSIVES—CONTRIBUTORY NEGLIGENCE.—In an action for de-
    struction of property by an explosion of inflammable oil im-
    properly sold as kerosene, the question whether intestate was
    negligent in attempting to start a fire with such oil *held* for the
    jury.

Appeal from Johnson Circuit Court; *A. B. Priddy,*
Judge; affirmed.

*J. J. Montgomery* and *James B. McDonough,* for ap-
pellant.

1.  The court erred in sustaining the demurrer to
the paragraph of the answer setting up the plea of *res
adjudicata.* The loss of the money on the person of Alice
Taylor, she holding same as bailee for the plaintiff, was
a damage necessarily inhering in the judgment in the
Federal court. All causes of action growing out of the
death of Alice Taylor inhered in Elihu Taylor as admin-
istrator of Alice Taylor, and all the issues in this case
were included, inhered in and were a part of the right
of recovery in the former case. 79 Ark. 62 is decisive of
this case. In death actions under the Arkansas law the
administrator is the sole party and represents every
child, whether of age or not, and hence the administrator
represented Ed Taylor, appellee, whose money was
burned. 113 Ark. 380. Ed Taylor can not maintain this
suit because the money sued for or the cause of action
belonged to Alice Taylor and inhered in the other
action her right of action passed to her administrator.
118 Ark. 402. This case is squarely in point, and shows
that Ed Taylor can not split up his cause of action. 79
Ark. 62. See, also, 97 Ark. 560; 63 *Id.* 259; 23 Cyc. 446.
Cited with approval in 25 Ala. 450; 27 *Id.* 238; 31 *Id.* 162;
56 *Id.* 373; 73 *Id.* 607; 84 *Id.* 509; 4 So. 426; 5 Am. St.
387; 19 So. 180; 108 Ala. 327; 50 So. 106.

It follows from these cases that Ed Taylor is barred
by the former recovery. There is but one injury for one
wrongful act. The only courts holding otherwise are in

New Jersey and New York. 87 S. W. 1082; 91 *Id.* 194. See, also, 141 Mo. 252; 18 Pac. 636; 13 Ind. 103; 150 Mass. 261; 86 Cal. 415; 137 Pa. St. 82; 83 Mo. 660; 103 Ind. 314. A majority of the cases declare the principle the same way as it is in Arkansas, and the court erred in sustaining the demurrer to the second paragraph.

2. The court should have directed a verdict for appellant, as the evidence was entirely insufficient, and the burden was on plaintiff. 122 Ark. 445.; 63 So. Rep. 484; 119 Fed. 572. There must be some breach of legal duty, and none was shown. 37 N. L. 5; 100 U. S. 195; 63 Fed. 400; 123 N. W. 1013; 212 U. S. 159; 64 Atl. 985. The mere fact of explosion is not evidence of negligence. 119 Fed. 572; 64 Atl. 985. Where an injury may be due to several causes for which the defendant would not be liable, a verdict should be directed for defendant, in the absence of a showing as to which produced the injury. 236 Fed. 690; 123 N. W. 992; 75 Pac. 1013.

3. Deceased was guilty of negligence as a matter of law. His action was the proximate cause of the injury, and there can be no recovery. 130 Fed. 199; 164 N. W. 668; 39 La. Ann. 344.

4. The instructions as a whole do not submit to the jury the actual questions involved, and the evidence is insufficient to show that the oil was not kerosene at the time it was sold. If it was kerosene at the time, there can be no recovery.

*Heartsill Ragon* and *G. O. Patterson,* for appellee.

1. There was no error in sustaining the demurrer. The issues in this case were not within the scope of the issues in the proceedings in the Federal court. A judgment is conclusive only between parties and privies. 105 Ark. 86; 96 *Id.* 454; *Ib.* 409; 83 *Id.* 157; 82 *Id.* 419. The question here was not determined in the Federal court. Alice Taylor had no rights against appellant, as she had no special property or ownership in the money destroyed and held it under no contract. She, as appellee's mother, simply held the money as a favor. Appellee was the

owner of the money and entitled to the immediate possession of it. 15 Ark. 159; 3 J. J. Marsh 307; 13 Ark. 437; 3 A. & E. Enc. Law 763; 5 Cyc. 208. Mrs. Taylor held the money subject to the will and pleasure of the bailor, and the possession of the bailee is that of the bailor. 15 Ark. 459. The present action is not within the scope of the issues in the Federal court. Mrs. Alice Taylor was a gratuitous bailee and only charged with due care to preserve it from destruction and only responsible for gross negligence. 11 Ark. 189; 23 *Id.* 61; 52 *Id.* 364; 103 *Id.* 12; 58 *Id.* 284; 3 A. & E. Enc. L. 750-1. The question here is taken out of the rule of *res judicata.*

2. There was no splitting of actions from one tortious act. 79 Ark. 62, and others cited, do not sustain appellant's contention. 53 Ark. 117.

3. The court should not have directed a verdict, as the evidence shows. The proof is convincing that the fluid was not kerosene. Defendant had the opportunity to have the fluid analyzed, but did not even take samples. Failure to have the fluid analyzed must be held adverse to appellant. 264 Fed. 829. See, also, 110 N. W. 20. Appellant was responsible for damages for using oil highly dangerous and explosive and sold for kerosene. 102 N. W. 227; 158 Fed. 241; 95 Atl. 931; 247 Fed. 921. The court properly refused to direct a verdict for appellant. 104 Ark. 267. The facts of this case bring it within the rule in 104 Ark. 267. Deceased was not guilty of negligence as matter of law. 264 Fed. 829. The presumption is that Alice Taylor in handling the oil acted with due care. 133 Iowa 11; 8 Thompson on Negl., § 7140; Ann. Cases 1912 A 625. The testimony shows that Alice Taylor used due care for her own safety. 255 Fed. 841. The burden to show contributory negligence was on defendant. 255 Fed. 841. The court properly instructed the jury, and the evidence sustains the findings and is conclusive.

4. There is no error in the instructions.

McCULLOCH, C. J.   Mrs. Alice Taylor, the mother of plaintiff, lost her life on November 26, 1917, as the result of an explosion of some kind of oil sold by the defendant, Pierce Oil Corporation, as kerosene, and which Mrs. Taylor used in an effort to start a fire in a stove.   It is alleged that the oil thus sold by the defendant and used by Mrs. Taylor was not kerosene, but was either gasoline or some other oil more inflammable than kerosene, and that the defendant was guilty of actionable negligence in selling the fluid and furnishing it for use as kerosene.   Mrs. Taylor's clothing caught fire from the explosion, and she was burned to death.   She carried on her person at the time the sum of $811 in paper currency, which was the property of the plaintiff and which was consumed by fire with her clothing.   She merely had the money for safe-keeping at the request of her son, the plaintiff.

Elihu Taylor, the husband of Mrs. Alice Taylor, became the administrator of her estate and instituted an action against the defendant to recover damages for her death.   The action was to recover damages for the benefit of the estate on account of pain and suffering endured by the decedent and also to recover for the benefit of the infant children of the decedent (not including the plaintiff in the present action, who is an adult) the damages sustained by them on account of the death of their mother.   The action thus instituted by the administrator was removed to the Federal court, and the trial of the case resulted in a judgment in favor of the administrator against the defendant for the recovery of damages in the sum of $10,000.   That judgment was affirmed by the Circuit Court of Appeals of the United States for the Eighth Circuit.   *Pierce Oil Corporation* v. *Taylor*, 264 Fed. 829.

The present action is for the recovery of a sum equal to the amount of money destroyed on the person of Mrs. Taylor, which is alleged to have been the property of plaintiff and held by Mrs. Taylor for safe-

keeping at the request of plaintiff. It is alleged in the complaint in this case, as in the former case referred to, that the defendant negligently sold as kerosene the fluid used by Mrs. Taylor in attempting to start a fire, but which was in fact gasoline or some other fluid more inflammable than kerosene. The defendant filed its answer denying the allegations of negligence and also pleaded the judgment in the former action as an adjudication in bar of the right of plaintiff to recover in this action.

The ruling of the court in sustaining a demurrer to the paragraph of the answer setting forth the plea of *res judicata* is assigned as error. The contention is that Mrs. Taylor had special ownership of the property destroyed, and that the right of action for its destruction rested in her and passed to her administrator, and that the different causes of action could not be split. This is but another way of saying that the right of action for the destruction of the money was not in the plaintiff in the present action, but was in Mrs. Taylor and passed to her administrator. If that be true, then it would follow that plaintiff is not entitled to sue in the present action, but such is not the state of the law on this subject. It is undisputed that Mrs. Taylor was a gratuitous bailee without beneficial interest in the property thus held. The law is settled that under those circumstances the right of action for injury to the property or destruction thereof is in the general owner and not in the bailee as special owner. *Scott* v. *Jester,* 13 Ark. 437; *Overby* v. *McGee,* 15 Ark. 459; *Long* v. *Bledsoe* (Ky.), 3 J. J. Marsh. 307. In *Overby* v. *McGee, supra,* there is a statement of the law that is controlling in the present case. It is as follows: "But where the general owner merely permits another gratuitously to use his chattel, such owner may maintain trespass against the stranger for an injury done to it whilst thus held."

Conceding that an action might have been maintained by the bailee, as special owner, for the benefit of

plaintiff, as general owner, it does not necessarily follow that there was no right of action in favor of plaintiff as general owner. The fact is shown by the record of the other case set forth in the answer of the defendant that the administrator of Mrs. Taylor did not sue for the injury to plaintiff's property, and that there was no recovery on that element of damage, and, as we have already said, the plaintiff has the right to sue as the general owner.

It is, however, contended by counsel for appellant that whatever may have been the state of the law on this subject prior to the enactment of our statute (Crawford & Moses' Digest, §§ 1074, 1075), patterned after the statute known as Lord Campbell's Act, it was changed by that statute so as to eliminate the rule stated above, which would give the general owner of bailed property the right to sue for its injury or conversion. The answer to that contention is that the statute in question has no application to actions for injury to property. It only relates to actions for death caused by wrongful acts, neglect or default.

It is next contended that the evidence was not sufficient to sustain the verdict, and that the court erred in refusing to give a peremptory instruction. The question of the sufficiency of the evidence was raised in the other case decided in the Federal court, and the Circuit Court of Appeals decided that the evidence was sufficient to sustain the verdict finding negligence on the part of defendant. That decision is, of course, not binding on us in the present case, and it is also argued that it is not persuasive because the testimony is different in the present case from what it was in that case. Reference will be made later to the additional testimony adduced in the present case.

The defendant was engaged in selling kerosene and gasoline through local agents. Mrs. Taylor was living with her husband at or near Hartman in Johnson County. The defendant had a local agent named Williams at

Ozark, who handled the oil that was furnished the customers at Hartman. Early in November, 1917, defendant shipped to its agent Williams at Ozark, a tank car of gasoline and also a tank car of kerosene, both of which were unloaded into tanks at that place, and on November 24, 1917, Williams sent out for delivery to customers, on his truck, four barrels or drums of kerosene and four of gasoline; two of the barrels were delivered to Plugge Bros., retail dealers at Hartman. These barrels of fluid were sold to Plugge Bros., as kerosene. They did not handle gasoline at all and had never handled it. Two days later Mrs. Taylor sent her daughter to Hartman to purchase from Plugge Bros., a can of coal oil, and this is the oil Mrs. Taylor used in starting the fire which caused the explosion. According to the evidence there was no fire in the stove at the time the explosion occurred. It was a violent explosion which burst a can of oil near by and ignited Mrs. Taylor's wearing apparel. It was proved that some of the same fluid sold by Plugge Bros. to other customers when used showed a higher degree of inflammability than ordinary kerosene.

Arch Bell, a witness introduced by plaintiff, testified that he bought some of the oil from J. M. Bunch, another dealer, (who is shown to have purchased from the same tank out of which this oil came from) and that in using the oil he found that it would light more quickly and burn brighter than any oil he had ever attempted to use before. Another witness who used some of the oil testified that he attempted to use it in a lamp and that the lamp exploded. There is also testimony tending to show that immediately after the explosion occurred some of the oil was taken from the barrel where this oil came from, and after being securely sealed was sent to a chemist in Fort Smith. The chemist testified that he made a test of the oil and found that it flashed at a temperature of 80 degrees; that it contained ingre-

dients found in gasoline and not properly present in kerosene of the standard required by law.

The testimony adduced by defendant tended to show that the oil was tested in the tanks before shipment to Ozark and also after it was received at Ozark and found to be kerosene up to the standard required by law, and that the barrels of fluid sold to Plugge Bros. were taken from the tanks of oil thus tested and found to be in accordance with the requirements of the statute. The testimony in addition to that introduced in the trial in the Federal court was concerning the test made of the tanks of oil before shipment to Ozark. That testimony merely added to the volume of evidence in favor of the defendant, but did not eliminate the conflict in the testimony as to the fact that defendant, through its agents, furnished oil as kerosene which proved to be either gasoline or some other oil more inflammable than kerosene. We are of the opinion that the evidence was sufficient to show that defendant's agents were guilty of negligence in furnishing oil dangerous and unfit for use and which was not in fact kerosene of the standard required by law. The evidence is not directly conclusive on this issue, and there is no presumption of negligence. The burden rested on the plaintiff to prove negligence. But the circumstances in the case justify the inference that the oil furnished by defendant to the retail dealer at Hartman was not kerosene of the standard required by law—that it was gasoline or some other kind of fluid that was highly inflammatory and of an explosive nature, and that the defendant was guilty of negligence in permitting the oil to be delivered to the retail dealer for resale to customers as kerosene. This is not a mere matter of conjecture, but is one of legitimate inference from the facts and circumstances proved. Plaintiff was not required to establish those facts by direct evidence, but could do so by proof of circumstances which warranted such an inference. *Armour Packing Co.* v. *Drury,* 146 Ark. 310; *Pierce Oil Corporation* v. *Taylor, supra.*

It is next contended that the deceased was guilty of contributory negligence which prevents recovery. Waiving a decision of the question whether or not negligence of the deceased, who was a mere gratuitous bailee, would bar plaintiff from recovery, it is sufficient to say that there was no negligence, as a matter of law, on the part of the deceased in using the oil for the purpose of starting a fire in the stove. This was one of the issues to be submitted to the jury, and it was submitted on proper instructions, and the verdict is conclusive. *Pierce Oil Corporation* v. *Taylor, supra.*

Finally, it is contended that the court erred in giving instructions on issues not involved in the trial. Upon examination of the instructions we are of the opinion they were confined to the issues in the case and that there was no error in this respect.

Affirmed.