## GULF REFINING CO. OF LOUISIANA v. JINRIGHT.

(Circuit Court of Appeals, Fifth Circuit. December 8, 1925.)

No. 4454.

**1. Explosives ⊘⟹9—One selling illuminating oil not meeting test to retailer liable under statute for injuries to retailer's customer.**

A valid statute, such as Code Ala. 1907, § 7491, declaring sale of illuminating oil that will not meet a particular test a misdemeanor, imposes on one selling to a retailer oil which does not meet the test liability for injuries, resulting from unlawful nature of the oil, to a user in a legitimate way, who purchased it from retailer.

**2. Criminal law ⊘⟹13—Statute regulating sale of illuminating oil held not void for uncertainty as to test.**

Code Ala. 1907, § 7491, declaring sale of illuminating oil "that will not test 120 degrees Fahrenheit" a misdemeanor, held not void for uncertainty, for failure to prescribe whether fire or flash point test is contemplated, in view of sections 1572–1574, which prescribed fire test, and which, with section 7491, were enacted as a single statute.

**3. Explosives ⊘⟹9—Complaint against oil refiner for death of user of illuminating oil purchased from retailer held good on demurrer.**

Complaint in action against oil-refining company, alleging that plaintiff's decedent, while attempting to use for illuminating purposes oil sold as kerosene by defendant to a retailer, and resold as kerosene to a member of decedent's family, was killed by explosion due to oil being more inflammable than kerosene oil, held good on demurrer.

**4. Explosives ⊘⟹9—Issues of actionable wrong on part of oil refiner and of contributory negligence of retailer's consumer held for jury.**

In action against oil-refining company for death of plaintiff's decedent, on evidence that oil sold by defendant to retailer as kerosene,

and resold as kerosene to member of decedent's family, while being placed in a kerosene lamp, was exploded by burning wick several feet distant from it, as kerosene of test prescribed by Code Ala. 1907, § 7491, would not have been, thereby causing decedent's death, *held*, that issues of actionable wrong of defendant company and of contributory negligence of decedent were for jury.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action by J. D. Jinright, as administrator of the estate of Jessie Jinright, deceased, against the Gulf Refining Company of Louisiana. Judgment for plaintiff, and defendant brings error. Affirmed.

B. P. Crum, of Montgomery, Ala., for plaintiff in error.

Richard T. Rives, of Montgomery, Ala., and C. C. Brannen, of Troy, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action against the plaintiff in error (herein called the defendant) to recover damages for the death of Jessie Jinright, which was alleged to have resulted from the explosion, while deceased was attempting to use it for illuminating purposes, of a fluid sold as kerosene oil by one Fuller, a retail merchant, to a member of deceased's family, which fluid had been sold by defendant to Fuller as kerosene or illuminating oil. The case went to the jury on three counts (sixth, seventh, and eighth) of the complaint as it was amended.

[1] The overruling of demurrers to each of those counts is complained of. Both counts 6 and 7 alleged that said oil sold by defendant to Fuller would not test 120 degrees Fahrenheit. By section 7491 of the Code of Alabama of 1907 "any person, firm, association, or corporation who sells * * * any illuminating oil that will not test 120 degrees Fahrenheit" is guilty of a misdemeanor. Such a provision being for the benefit of the user of the commodity as well as the buyer of it from the criminal seller, a valid statute to that effect makes the seller to a retailer of illuminating oil which does not meet the prescribed test liable to a user of it, who, after a sale of it by the retailer, in consequence of the unlawful nature of the oil, is injured while using it in a legitimate way; the forbidden sale being equivalent to an act done with intent to cause wrongful injury, with the result of making inapplicable the rule that a seller of an article of commerce not in itself dangerous is not responsible for consequences to a purchaser from his vendee, resulting from defects in the article which were not known to the original seller. Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 S. Ct. 270, 53 L. Ed. 453; Stowell v. Standard Oil Co., 139 Mich. 18, 102 N. W. 227; 24 R. C. L. 514, 515.

[2] In behalf of the defendant it was contended that the above-quoted statute is void for uncertainty, in that it does not specify the nature or kind of test required; it being a matter of common knowledge that illuminating oil is sometimes subjected to what is called a "fire test," and sometimes to what is called a "flash point test," ignition occurring at one temperature when one of those tests is used, and at another temperature when the other test is used. Originally the provisions of the above-quoted section 7491, and sections 1572, 1573, and 1574 of the same Code, were parts of one statute, enacted in 1903, which, as do sections 1572, 1573, and 1574, explicitly provides for subjecting illuminating oil to the fire test, and for the required tag having printed thereon the words " 'Guaranteed —— Degrees Fire Test,' designating in the blank space the true test of the oil offered for sale." When the above-quoted section 7491 is read in connection with what is to be considered its context, there is no uncertainty as to the kind of test required. That the defendant understood the requirement is shown by the fact that the written certificate given by its agent to Fuller on the sale of the oil in question contained the statement that "the fire test of said oil is not less than one hundred and twenty degrees Fahrenheit."

[3] The averments of counts 6 and 7 showed that the death of the deceased was attributable to a breach of duty owing by the defendant to her. Count 8 contained allegations to the effect that defendant negligently sold to Fuller as kerosene oil a fluid that was more inflammable than kerosene oil, and was dangerous to use as kerosene oil for illuminating purposes, and that deceased, while attempting to use for illuminating purposes some of that fluid bought from Fuller, was killed as a result of its explosion. That count showed actionable negligence on the part of the defendant. The court did not err in overruling the demurrers to the above-mentioned counts.

[4] The case was tried on issues joined on pleas of not guilty and of contributory negligence on the part of the deceased. The defendant excepted to the court's refusal to instruct the jury to find in its favor. There was evidence tending to prove the alleged sales and the following: The fluid sold by defendant to Fuller as kerosene oil contained gasoline, and had a fire test of substantially less than 120 degrees Fahrenheit. The sale to Fuller was made from a wagon which carried a tank of gasoline and a tank of kerosene, deliveries of both fluids being made with the same can, with the result that, if a sale of kerosene immediately followed a sale of gasoline, whatever gasoline had been left in the can after the sale of that product would be mixed with the kerosene delivered on the later sale. While the deceased was pouring some of the oil bought from Fuller in a lamp after the burner had been unscrewed, and while the burning wick therein was several feet from the lamp, the oil exploded, and thereby the death of the deceased ensued. Kerosene oil having a fire test of 120 degrees Fahrenheit or more would not be exploded by a burning wick several feet distant from it. The just indicated phase of the evidence supported findings that the defendant was guilty of the actionable wrongs charged in the counts of the complaint which went to the jury, and did not require a finding that deceased was guilty of negligence proximately contributing to her death. The state of the evidence was such as to warrant a submission of the issues to the jury. It follows that the court did not err in refusing to instruct the jury to find in favor of the defendant.

Errors are assigned to the court's refusal to give several special charges requested by the defendant. We do not think that the court erred in refusing those charges. Each of them involved the proposition that it is negligent to pour kerosene into a lamp while the wick thereof is burning. In view of the above-mentioned evidence to the effect that kerosene that may lawfully be sold may without danger be poured into a lamp, when the burning wick thereof is several feet from the exposed oil, it cannot properly be said as a matter of law that the deceased was negligent in attempting to do so under circumstances which evidence adduced tended to prove. Pierce Oil Corporation v. Taylor (C. C. A.) 264 F. 829.

No error being shown by the record, the judgment is affirmed.