GENERAL EXCHANGE INSURANCE CORPORATION *v.* ARNOLD.

4-7118                                    174 S. W. 2d 543

Opinion delivered October 18, 1943.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

SMITH, J. This cause was tried in the court below upon an agreed statement of facts, the salient recitals being to the following effect.

Mrs. V. W. Lund, Jr., drove an automobile owned by her husband from Little Rock to Memphis, and while so driving a collision occurred with a truck owned by N. E. Arnold, doing business as the National Moving Company. The negligence of the truck driver caused the collision. Mr. Lund was not present at the time.

The automobile was wrecked, and the damage to it, as stipulated was $250, and after the collision a settlement was made by the moving company with Mrs. Lund, under the terms of which she was paid $300.

A release was executed by Mrs. Lund which recited that it was in full settlement of the property damage, and the personal injury, sustained by Mrs. Lund, which was slight. This settlement was negotiated by W. E. Lewis for the moving company, and there is a conflict as to whether Mrs. Lund told Lewis that she did not own the car and was not settling for the damage to it. The court below was evidently of the opinion that Mrs. Lund did, in fact, settle the property damage, and the testimony, reinforced by the recitals of the release, supports that finding. The agreed statement of facts is not conclusive of this issue, but we assume this question of fact is settled by the judgment from which is this appeal and that Mrs. Lund did make a settlement of the property damage.

Mrs. Lund was driving her mother to Memphis, and after the collision they completed the journey, but before doing so Mrs. Lund gave the wrecking company, which took charge of the car, an order for the car upon Lewis paying the wrecking company its charges.

Lund had a policy with the General Exchange Insurance Corporation indemnifying him against damage to the car to the extent of $250. The insurance company paid the policy and took an assignment of Lund's claim against the moving company and brought this suit upon this assignment against the moving company for $250, the stipulated damage to the car. The trial was before the court by consent, sitting as a jury, and resulted in a judgment for the moving company, from which is this appeal.

We have not been favored with a brief for appellee, but appellant says the judgment was rendered upon the authority of the case of *Chicago, R. I. & P. R. R. Co.* v. *Earl,* 121 Ark. 514, 181 S. W. 925, Ann. Cas. 1917D, 552. In that case Earl sued the railroad company for the value of a horse, which had been killed through the negligent operation of a railroad train. The horse was owned by

226

Persons, who had given a mortgage upon it to Earl. The railroad company paid Persons the value of the horse. Earl, the mortgagee, sued the railroad company for the value of the horse and recovered judgment, which was reversed upon appeal to this court, it being held that the mortgagor in possession of the horse might sue and recover its value and that payment to the mortgagor precluded the mortgagee from suing, this upon the theory that the mortgagor occupied the position of bailee with a special ownership which entitled him to accept payment.

Here, Mrs. Lund was a bailee, but she was a mere gratuitous bailee, without other interest in the automobile, and we think the case is controlled by the opinion of this court in the case of *Pierce Oil Company* v. *Taylor*, 147 Ark. 100, 227 S. W. 420. That case is cited in the notes to the text appearing in the chapter on Bailments in 8 C. J. S., § 56, p. 372, as authority for that text, which reads as follows: ''In the case of a gratuitous bailee without beneficial interest in the property, the right of action for its injury or destruction is in the bailor as general owner and not in the bailee as special owner; and, in any event, the fact that a bailee might have sued as special owner for the benefit of his bailor does not preclude the latter, where the bailee did not sue, from maintaining such an action after the death of the bailee.''

In this Pierce Oil Company case, the facts were that the administrator's intestate lost her life through a fire caused by the negligence of the oil company, and the administrator recovered judgment for damages on that account. The intestate had on her person a sum of money belonging to her husband, who became the administrator of her estate. A second suit was brought by the husband on his own account for the recovery of a sum equal to the amount of money destroyed on the intestate's person, which she carried for safekeeping, at the request of her husband. The judgment in favor of the husband, as administrator, which had been paid, was pleaded in bar of the suit brought for his individual benefit. The contention was made that the intestate had a special ownership of the money destroyed, and that the right of

action for its destruction rested in her and passed to her administrator, and that the different causes of action could not be split. After stating in the opinion that this was but another way of saying that the right of action for the destruction of the money was not in the husband but was in his wife and passed to her administrator it was said:

"It is undisputed that Mrs. Taylor was a gratuitous bailee without beneficial interest in the property thus held. The law is settled that under those circumstances the right of action for injury to the property or destruction thereof is in the general owner and not in the bailee as special owner. *Scott* v. *Jester*, 13 Ark. 437; *Overby* v. *McGee*, 15 Ark. 459, 63 Am. Dec. 49; *Long* v. *Bledsoe* (Ky.) 3 J. J. Marsh. 307. In *Overby* v. *McGee, supra,* there is a statement of the law that is controlling in the present case. It is as follows: 'But where the general owner merely permits another gratuitously to use his chattel, such owner may maintain tresspass against the stranger for an injury done to it whilst thus held.'

"Conceding that an action might have been maintained by the bailee, as special owner, for the benefit of plaintiff, as general owner, it does not necessarily follow that there was no right of action in favor of plaintiff as general owner. The fact is shown by the record of the other case set forth in the answer of the defendant that the administrator of Mrs. Taylor did not sue for the injury to plaintiff's property, and that there was no recovery on that element of damage, and, as we have already said, the plaintiff has the right to sue as the general owner."

In this connection, it may be said that the release does not show that Mrs. Lund undertook to settle for the property damage to the car, as the agent of her husband, or for his benefit. It is unnecessary, therefore, to consider whether she might have done so without his authority. The release made no reference whatever to the husband, or to his interest in the car, and if Mrs. Lund had any authority to make the settlement, that authority arose out of her relation to the owner of the car and the

fact that it was in her possession. In vol. 9, part 2, of Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, there appears at § 6063 a discussion of the presumptive agency of the husband or wife, arising out of the fact that one spouse was driving the other's car. It was there said: "It has been held that, in the absence of a statute making it so, and in the absence of the application of the family purpose doctrine, agency for the other in the use of an automobile belonging to a husband or wife is not inferred merely from the marital relation, and that the husband may use his wife's automobile in connection with his own occupation without being presumed to be the wife's agent in the use of it."

We have no such statute, and we have expressly repudiated what is known as the family purpose doctrine in relation to driving an automobile. See *Johnson* v. *Newman*, 168 Ark. 836, 271 S. W. 705, and cases there cited. The third headnote to the case just cited reads as follows: "Master and Servant—Respondeat Superior Doctrine.—While the 'family purpose' and imputed negligence doctrines and the husband's common-law liability for his wife's torts are not recognized in Arkansas, the doctrine of *respondeat superior* still obtains, so that one permitting his wife or another to drive his car while occupied by him is responsible for negligence of such driver as his agent."

In the § 6063 above quoted, some cases are cited to the effect that a presumption of agency arises from proof of the permissive use of the husband's car by his wife, but other cases are cited which hold that this presumption of agency disappears in the face of evidence that the husband was not present and took no part in operating the car at the time of the accident.

Here, the record is that in the absence of the husband, the wife settled and collected the damage to her husband's car with no showing of agency authorizing her to do so, except the permissive use of the car as a gratuitous bailee. The husband's right to recover the damage to his car was not thus defeated, and the judgment of

the court below will be reversed and judgment rendered here for appellant for $250, the amount of the damage stipulated.