ST. PAUL FIRE & MARINE INS. CO. *v.* J. B. WOODS AND WOODY'S CATERING SERVICE, INC.

5-5262

454 S. W. 2d 670

Opinion delivered May 25, 1970

[Rehearing denied June 29, 1970.]

*L. A. Hardin,* for appellant.

*Howell, Price, Howell & Barron,* for appellees.

FRANK HOLT, Justice. J. B. Woods was president, general manager, and majority stockholder of Woody's Catering Service, Inc. Sometime in 1967, Woods purchased from a dealer in Japan 80 cartons of plastic razorback hogs, having a cost value of $4,180.00, which he apparently intended to distribute as table decorations through the Catering Service. St. Paul Fire & Marine Insurance Company issued a floater on its policy with Woody's Catering Service, Inc. covering the 80 cartons of merchandise in the sum of $1,000.00. Later, or on July 1, 1967, Baker Van & Storage Company stored these 80 cartons in its warehouse and issued to Woods, in his own name, a warehouse receipt for the merchandise. The following day, fire destroyed the warehouse and the 80 cartons stored therein.

On August 7, 1967, appellant indemnified Woody's Catering Service, Inc. in the sum of $1,000.00, pursuant to the terms of its policy. Thereafter, Woods instituted suit, in his own name, against Baker Van & Storage Company and secured and collected a judgment for $4,180.00 for the destroyed merchandise. Subsequently, appellant filed suit against Woods for $1,-000.00, claiming a right of subrogation to that amount. Woods demurred and appellant thereupon amended its complaint to include Woody's Catering Service, Inc. as a party defendant. The demurrer of Woods was then overruled by the trial court, and Woods and Woody's Catering Service, Inc. proceeded to file answers. Interrogatories were propounded and answered by the parties, and the case was then submitted by appellant and appellees upon motions for summary judgments based upon the pleadings, exhibits, and interrogatories. The trial court found in favor of the appellees. From that judgment comes this appeal.

Appellant asserts three points for reversal. However, the resolution of this appeal is contingent upon one main issue, namely: Where merchandise is purchased by, and stored in the name of, a majority stockholder of a corporation for prospective use by the corporation, and such merchandise was previously in-

sured in the name of the corporation, is the insurer entitled to subrogation rights for the damages which were recovered against a third party tortfeasor in an action prosecuted by the stockholder in his individual name for the loss of the merchandise? We think the answer in the circumstances should be in the negative.

There was evidence adduced that Woody's Catering Service, Inc. had an insurable interest in the destroyed merchandise. There was also evidence by appellee Wood that he had paid the cost of the articles and, to that extent, had an insurable interest as an individual. As we view the record, this evidence appears undisputed; and, further, there is no evidence of any fraudulant conduct. This being so, appellee Woods, as an individual, had a separate cause of action against Baker Van & Storage Company for the recovery of his damages. Appellant has subrogation rights only as to the Catering Service, and its indemnification of loss to this corporation did not affect the rights or claims of Woods individually against the storage company. Similarly, on the record before us it is not shown that the recovery against Baker Van & Storage Company obtained by Woods, who sued in his individual capacity and not as agent of the corporation, had any effect on whatever rights or claims Woody's Catering Service, Inc., or its subrogee, may have against the storage company. See *General Exchange Ins. Corp.* v. *Arnold*, 206 Ark. 224, 174 S. W. 2d 543 (1943). The judgment, therefore, must be affirmed.