## STEWART & POWELL *vs.* HEAD.

[HALL, Justice, being disqualified, Judge ADAMS, of the Eastern Circuit, presided in his stead in this case.]

1. If one left a valise in the office of a hotel, without calling attention thereto, and the clerk, without knowing who the owner was, took it into a room where baggage was kept, the landlord would be a naked depositary, and would be liable only for gross neglect, not for ordinary neglect.

2. The court approached very closely, if he did not actually invade, the right of the jury to determine the question of negligence, in

charging that if, under the circumstances stated in the first head-note, the valise was broken open and the contents lost, "you would be authorized to find defendant guilty of ordinary neglect."
3. The evidence was conflicting, and did not require the verdict.
(*a.*) The presumption is that the court charged the law on all other issues correctly; but the presumption is also that the charge contained nothing at variance with that excepted to, unless it be so stated.

April 3, 1883.

Hotels. Inns. Bailments. Negligence. Charge of Court. Presumptions. Practice in Supreme Court. Before Judge SIMMONS. Bibb Superior Court. April Term, 1882.

Head brought suit against Stewart & Powell, hotel keepers, to recover the value of a valise, alleged to have been lost by defendants' negligence.

On the trial, plaintiff testified as follows: Was a guest of the Lanier House last fall. Came from my room on the morning I left, and deposited valise on counter of the hotel, and said to the clerk, I would go out in town and get the money to pay my bill, if it took me a week to get it. Clerk said they were not in the habit of allowing customers to leave without settling their bills. On going out, expected to return, but met a person who had come for me to visit a patient in Dooly county. I then took the train—barely had time to do so—and went to see the patient professionally, and returned to Macon in about ten days or two weeks. I then went to the hotel and called for valise. The clerk said he knew nothing about it; said he would look for it in the baggage room, and found it there. It had been broken open, and contents taken. They were of the value of seventy-five dollars. I had a check for valise; have it now. I paid bill. Powell wrote me about bill, and I replied that I would pay it on my return to Macon. Didn't tell Woodson, the clerk, that valise was not locked. I handed valise to Woodson when I came down that morning, and he gave me the check. My room had no lock on it.

Woodson, the clerk, testified as follows: I am clerk at Lanier House. Plaintiff came from his room the morning he left; said he would send money for his bill on getting home. I replied, "We do not do things that way." He said he would go and get money to pay his bill. I told him he would have but little time. He said he would return and pay bill. Saw no more of him then. On his return, he came and called for valise. I said I didn't know he had one, and asked him to walk behind counter and point it out. He identified valise in baggage room. He said he was sure it was his, on my asking him if he was so. He said it was not locked when he left it at hotel. Taking it up, said it had been broken open. I said I supposed not, if it was not locked. He said nothing of anything being taken but a coat; said nothing about a check then or the morning he left; nor did he say anything about leaving his valise. I did not know of the valise being left; and if he left it he said nothing to me about it. I had no intimation of valise being at hotel. There was a crowd at the hotel that morning. Don't remember giving plaintiff a check.

The court charged as follows: "If you believe from the evidence that plaintiff left his valise in the office of the hotel, without calling attention to the fact that he had so left it, and the clerk, without knowing who the owner of the valise was, took it and deposited it in a room where baggage was kept, then defendant is liable as a naked depositary, and would be bound to ordinary care; and if, under the circumstances, the valise was broken open and the contents lost, you would be authorized to find defendant guilty of ordinary neglect."

The jury found for the plaintiff.

Defendants moved for a new trial, which was refused, and defendants excepted.

W. A. LOFTON, for plaintiffs in error.

GUSTIN & HALL, for defendant.

JACKSON, Chief Justice.

This suit was brought for the recovery of the contents of a valise left by the plaintiff at the hotel of the defendant, and from which those contents had been taken. The jury found for the plaintiff, and error is assigned and insisted on here, on the denial of the grant of a new trial.

The error insisted upon is the following charge of the court: "If you believe from the evidence that plaintiff left his valise in the office of the hotel, without calling attention to the fact that he had so left it, and the clerk, without knowing who the owner of the valise was, took it and deposited it in a room where baggage was kept, then defendant is liable as a naked depositary, and would be bound to ordinary care; and if, under the circumstances, the valise was broken open and the contents lost, you would be authorized to find defendant guilty of ordinary neglect."

It is urged that this charge is error, for two reasons: first, that it does not lay down the law correctly in respect to the neglect which, under the circumstances put by the court, would make the defendants liable; and secondly, because it took the question of negligence from the jury and determined it for them.

1. The Code, §2103, declares that "when chattels are delivered by one person to another to keep for the use of the bailor, it is called a deposit; the depositary may undertake to keep it without reward, or gratuitously; it is then a naked deposit. If he receives or expects a reward or hire, he is then a depositary for hire; very variant consequences follow the difference in the contract." The next section, 2104, declares: "A person may voluntarily undertake to be a depositary, or he may become so involuntarily, as by finding; if a naked depositary, he is responsible only for gross negligence."

The hypothetical case put by the court, which was justified by the testimony of the clerk, made a case of a naked depositary under §2104 of the Code, and rendered the de-

fendants liable only for gross negligence, by the same section. Ordinary neglect is not gross negligence. It is the absence of that care which prudent men take of their own property. Code, §2061. So that the court erred in putting the liability of defendants, under those facts on which the charge was based, upon ordinary neglect. Code, §2063, declares that gross neglect is the want of that care which one of common sense, however inattentive to business, takes of his property.

2. Again, we think that the court approached very closely, if it did not actually invade, the right of the jury to determine the question of negligence in this charge. It is true that the language is "you would be authorized to find defendant guilty of ordinary neglect;" but the effect of those words is about the same as to tell the jury that the law, under these facts as stated by the court, makes a case of ordinary neglect. 51 *Ga.*, 583.

3. But if the facts required the verdict, then these errors would not work the grant of a new trial. 51 *Ga.*, 583.

Do they require it? By the plaintiff's evidence they do require it; for he swears that he had a check for the baggage, and gave the baggage to the clerk, having been a guest and not paying his bill, but leaving with a promise to return to pay it; and inferentially leaving the baggage, with the landlord's lien thereon. If such be the truth, he ought to recover.

But if the clerk's statement be the truth, that he did not so leave it at all; that it was not locked, and therefore not broken open; that the plaintiff himself told him that it was not; that he did not know such a valise was left at all; then the landlord, having found the valise so left, and not knowing whose it was, and having put it unlocked in the baggage room, would be a mere naked depositary and would be liable only for gross negligence; and the question of whether or not these facts made gross negligence, should have been left to the jury.

We do not mean to say that they necessarily made such gross negligence, or did not, if the clerk's version be cor-

rect; but we think that this issue should have been fairly left for the jury to settle, under the repeated rulings of this court on the matter of their right to try what facts make negligence, ordinary, slight or gross.

Of course, as argued by the counsel for defendant in error, the presumption is that the court charged the law on all other issues correctly; but the presumption also is that the charge contained nothing at variance with that excepted to, unless so stated.

Expressing no opinion on the merits of the case, we send it back for error in the charge complained of, and therefore award a new trial.

Judgment reversed.