## JONES *v.* SAVANNAH HOTEL COMPANY.

1. Where an innkeeper had an iron safe for the deposit of valuable articles, and posted in the rooms of the guests the notice required by the Civil Code, § 3510, and a guest upon retiring for the night took from her person five diamond rings, one watch-bracelet, and one topaz chain and watch, which she had been wearing for personal adornment and which were suitable to her station in life, and placed them upon a bureau in her room, and during the night they were stolen therefrom by some unknown person, the innkeeper was not liable for the value of the articles.

2. Nor would the innkeeper in such a case be liable if it appeared that such articles were stolen in consequence of his negligence either in failing to provide a suitable lock on the door of the room of the guest, or in placing a fire-escape in such a manner as to afford easy access to the room from the street below.

APRIL 14, 1914.

Questions certified by Court of Appeals (5139).

*O'Byrne, Hartridge & Wright,* for plaintiff.

*Adams & Adams,* for defendant.

FISH, C. J. The Court of Appeals desires instruction from the Supreme Court upon the following questions, a decision of which is necessary to the determination of the case of *Jones* v. *Savannah Hotel Company,* to wit:

"1. A female guest at an inn retired for the night, and, before doing so, took from her person the following articles, which she had been wearing for personal adornment and which were suitable to her station in life, and placed them upon the bureau in her room: five diamond rings, one watch-bracelet, one topaz chain and watch. During the night all these articles were stolen from the room by some person unknown. The innkeeper had an iron safe for the deposit of valuable articles, and had posted in the room of the guest the notice required by section 3510 of the Civil Code. Is the guest entitled to recover from the innkeeper the value of the property stolen? ·

"2. If, in answer to the foregoing question, this court should be instructed that the articles above described were such as are in the purview of the foregoing section of the code, would the guest, notwithstanding any negligence in her failure to deposit the articles in the innkeeper's safe, be entitled to recover, if it appeared that the articles were stolen in consequence of the negligence of the innkeeper, either in failing to provide a suitable lock on the door, or in placing a fire-escape in such a manner as to afford easy access to the room of the guest from the street below?"

1. At common law an innkeeper was an insurer of the goods of his guest. Under the law of this State, however, an innkeeper may relieve himself from responsibility for valuable articles belonging to his guest. The Civil Code, § 3510, declares: "The innkeeper may provide an iron safe, or other place of deposit for valuable articles, and, by posting a notice thereof, may require his guests to place such valuable articles therein, or he will be relieved from responsibility for them." It appears in the first question propounded that the innkeeper in the present case had an iron safe for the deposit of valuable articles, and had posted in the room of the guest the notice required by the above section of the code, which notice as appears from the record is as follows: "The proprietors of this hotel will not be responsible for money, jewels, or other valuables, unless deposited in the safe kept for the purpose in the office." The articles stolen from the room of the guest were 5 diamond rings, one watch-bracelet, and one topaz chain and watch, as appears from the record, of the value of $2,498.75. These unquestionably were valuable articles. "Valuable" as a noun is defined to be: "A precious possession, a thing of value, especially

a small thing, as a jewel:—used mostly in the plural." Webster's Dictionary. If diamond rings, a watch-bracelet, and a topaz chain and watch, aggregating in value nearly $2,500, do not come within the definition of valuables, or within the most restricted definition that could be put upon the words "valuable articles" which an innkeeper may require, by notice properly posted, to be deposited in an iron safe, it would be difficult to describe any articles which would be covered by that designation. If they did not fall within the provisions of the statute, then that statute is practically of no meaning. The language of the code section is explicit. The innkeeper had an iron safe for the deposit of valuable articles. He posted the notice required by the statute in the room of the guest. The guest had valuable articles consisting of diamond rings, bracelet, watch and chain, which were not deposited in the iron safe, but kept in the room of the guest, and were stolen. It is perfectly clear, therefore, that the innkeeper was relieved from responsibility for them. In the argument before this court it was contended that the words "valuable articles," as used in the statute, if broadly construed, would include every possible article having any value, and would cover clothing, cloaks, hats, and other wearing apparel. We need not enter into a discussion as to the extent to which the innkeeper might go in requiring his guests, after disrobing for the night, to have their clothing taken to the office for deposit, and as to whether such rules would be unreasonable and beyond the purview of the statute. The innkeeper in the present case did not purport to provide a room or wardrobe for the deposit of clothing or other such articles, but gave notice that he would not be responsible for "money, jewels, or other valuable articles," unless deposited in the safe in the office for that purpose. It may seem somewhat of a hardship to require a traveler on retiring at night to deposit articles of personal adornment, like those involved in the present case; but the statute is absolute and must be complied with, else the innkeeper will be relieved from liability for the loss of such articles. The statute was not enacted for the benefit of travelers; for without it they could rely on the common-law liability of the innkeeper. Its purpose was to relax the stringent rule of the common law, so as to permit the innkeeper to protect himself against liability under certain circumstances. In the State of New York the substance of the statute in reference to a hotel-keeper was that he

should not be liable for loss of money, jewels, ornaments, or valuables, where he had provided a safe in the office of the hotel; or other convenient place, for the safe-keeping of such property, and when he had posted a notice to that effect in the room occupied by the guest, and the guest had neglected to deposit such property in the safe. In Giles v. Libby, 36 Barb. 70, it was held by the Supreme Court of that State, that a watch and chain, and a gold pen and pencil-case, were articles not within the meaning or intent of the statute, but should be considered a part of the guest's personal clothing or apparel, and that the liability of a hotel-keeper for their loss was to be determined by the common-law rule in such cases. It was said in the opinion that the exemption of the landlord from liability under the statute was intended to apply only to such an amount of money, and to such jewels, ornaments, or valuables as the landlord or hotel-keeper himself, if a prudent person, when traveling would put in his safe if convenient when retiring at night. This ruling was cited in Maltby v. Chapman, 25 Md. 310, in construing a statute of Maryland, similar to that of New York. The case of Giles v. Libby was disapproved in Hiart v. Taylor, 51 Barb. 632, 42 N. Y. 258, and it was overruled in Rosenplaenter v. Roessle, 54 N. Y. 262, in which it was held that the exemption of hotel-keepers under the statute applied to *all* money, jewels, and ornaments. In *Murchison* v. *Sergent, 69 Ga.* 206, 213 (47 Am. R. 754), Chief Justice Jackson said: "Even if notice had been published to him [the guest], according to law, to deposit valuables in another place, it would not apply to traveling money and a watch of reasonable amount in value." This was obiter dictum, inasmuch as in that case no notice was posted in the room of the guest or elsewhere to which attention was called that an iron safe had been placed for the deposit of valuable articles; but reliance was placed upon a printed statement at the head of the register, as a compliance with the statute as to notice. Under the questions propounded by the Court of Appeals, it is not necessary for this court to define what things fall within the designation of the words "valuable articles," as used in the statute, when the language of the code section is construed in its entirety. We confine ourselves to dealing with the articles mentioned in the questions propounded, and hold that they do fall within the statute.

From what has been stated it is manifest that the guest was not,

entitled to recover in the case at bar from the innkeeper the value of the property stolen, and it follows that the first question must be answered in the negative.

2. As the statute declares that the innkeeper will be relieved from responsibility for valuable articles belonging to his guest if he provides an iron safe or other place of deposit for such articles, and posts a notice in accordance with the statute, requiring his guest to place such articles in the safe or other place of deposit, it must follow, where the innkeeper has complied with the requirements of the statute, thus relieving himself from responsibility for such articles, that a guest who failed to comply with such notice could not recover from the innkeeper if it appeared that the articles were stolen in consequence of the negligence of the latter, either in failing to provide a suitable lock on the door of the room occupied by the guest, or in placing a fire-escape in such a manner as to afford easy access to the room from the street below. Had the guest complied with the notice, and thereafter the innkeeper had failed to use the measure of diligence required by the statute, he would have been liable. To hold that, without complying with the requirements of the notice authorized by the statute, the guest could nevertheless recover as to articles covered by the notice, merely by showing want of diligence on the part of the innkeeper in the respect named, would practically make the statute nugatory. A negative answer is therefore given also to the second question.

*All the Justices concur.*