### 7470. BEVERLY v. WILSON.

BROYLES, P. J. 1. While the mere right of possession of personal property, even if the holder has no valid title to it, gives him a right to maintain a suit in trover against a wrongdoer who has deprived him

of that possession, yet where the plaintiff relies on his title to recover possession of the property, and his evidence shows that a paramount outstanding title to the property is in a third person, he can not recover. *Mitchell* v. *Georgia & Alabama Ry.*, 111 *Ga.* 760, 771 (36 S. E. 971, 51 L. R. A. 622) ; *Central Bank* v. *Georgia Grocery Co.*, 120 *Ga.* 883, 885 (48 S. E. 325).

2. The "pony" homestead having been excluded from the evidence, on motion of the plaintiff, he will not be heard to complain that the trial judge declined to approve the following reference to it in the brief of the evidence: "The defendant tendered in evidence a pony homestead, taken out by Mary Gaskins on August 15, 1915, in which said cow and calf were scheduled as her own property." The judge struck the last four words, to wit, "as her own property," ruling that they were not material in the case or in the brief of evidence for any purpose. Under the facts it would not have been error for the judge to strike from the brief of evidence the entire reference to the homestead.

3. In this case the trial judge was by consent exercising the functions of both judge and jury, and, the evidence not demanding a finding for the plaintiff, his judgment in favor of the defendant will not be controlled.        *Judgment affirmed.     Jenkins and Bloodworth, JJ., concur.*
        DECIDED FEBRUARY 16, 1917.   REHEARING DENIED FEBRUARY 28, 1917.

Trover; from city court of Thomasville—Judge W. H. Hammond.   April 5, 1916.

*C. E. Hay*, for plaintiff.

*J. B. Burch, W. I. MacIntyre*, for defendant.