### 10446. MARIETTA ICE & COAL COMPANY *v.* WESTERN & ATLANTIC RAILROAD COMPANY.

STEPHENS, J. 1. A bailee who is entitled to the possession of the property bailed has such a special interest therein as entitles him to maintain in his own name a suit against a third party for the loss or destruction of the property. Such recovery, however, is for the use or benefit of the owner. *Schley* v. *Lyon,* 6 *Ga.* 530 (5), 537, 538, **and**

cases there cited; 6 C. J. 1194; VanZile on Bailments (2d ed.), § 57; Schouler on Bailments (1st ed.), 151-2; United States *v.* Atlantic Coast Line R. Co., 206 Fed. 190, 202-3. The fact that the bailee has paid the bailor the value of the property destroyed does not affect the right of action against the tort feasor. Cornell Steamboat Co. *v.* The Jersey City, 51 Fed. 527 (2 C. C. A. 365).

2. A bailee may maintain a right of action for loss or damage resulting from injury to his right of possession or other special property right in the property bailed.

3. A bailee of a mule for hire, who has the possession of the animal under the contract of bailment from day to day, but returns it every night to the owner for keeping over night, has such a special interest in the bailment as entitles him to maintain a suit against a third party for the animal's death. In such a suit the bailee may recover the full value of the animal for the use of the owner, and also, for his own use, any damage to his right of possession or to his special property right, including expenses incurred by him for medical treatment to the animal made necessary by the injuries resulting from the tortious act of the defendant.

4. The above rulings are not in conflict with *Lockhart* v. *W. & A. R. Co.*, 73 *Ga.* 472. In that case it was held that the plaintiff was a mere depositary or borrower and had no right of possession or special interest in the property, and for that reason could not maintain an action for its loss.

5. In view of the above rulings, it is not necessary to pass upon the assignment of error as to the exclusion of the amendment offered by the plaintiff. The petition, without the amendment, set out a cause of action. The demurrer therefore was improperly sustained.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1920.

Action for damages; from Cobb superior court—Judge Morris. March 10, 1919.

*J. Z. Foster,* for plaintiff.

*Tye, Peeples & Tye, D. W. Blair,* for defendant.