HARRY WEISMAN

*v.*

HOLLEY HOTEL COMPANY

·(No. 9777)

Submitted January 30, 1946. Decided February 19, 1946.

*E. S. Bock*, for plaintiff in error.

*Sam Lopinsky*, *J. D. Altizer* and *Lon Barringer*, for defendant in error.

RILEY, JUDGE:

Harry Weisman, a salesman and jobber of women's dresses, instituted this action of trespass on the case in the Circuit Court of Kanawha County against Holley Hotel Company, a corporation, for the recovery of dam-

ages alleged to have resulted from the theft of certain merchandise from plaintiff's locked car while it was parked in defendant's parking lot. Defendant prosecutes this writ of error to a judgment in the amount of seven hundred fifty dollars entered on a jury verdict.

. The declaration, in two counts, asserts liability against defendant (1) as a bailee and (2) as an innkeeper. Plaintiff presented his case on the theory contained in the first count only. At the conclusion of the evidence the circuit court indicated that he would submit the case on the theory that defendant was a bailee for hire.

Defendant complains of the giving of plaintiff's instruction No. 1 based on the theory that defendant was a bailee for hire; and in refusing defendant's instruction No. 2 based upon the theory that plaintiff was guilty of contributory negligence and defendant's instruction No. 3 which told the jury to find for the defendant if the jury should believe that plaintiff did not notify the hotel company of the kind and value of the merchandise belonging to him and locked in plaintiff's parked automobile.

The merchandise, consisting of dresses, packed in eight cartons stored in the rear of plaintiff's car behind the front seat, was stolen during the night of December 11 and 12, 1944, while plaintiff was a guest at defendant's hotel. The car was locked, but the thief evidently extracted the cartons of merchandise by breaking a small window in the automobile and unlocking a door of the car from the inside.

Plaintiff first visited the hotel in July, 1944. On that occasion he parked his car on Quarrier Street at the hotel entrance, went into the hotel and registered. He then inquired of the clerk as to parking facilities and was told by the clerk that parking was furnished free to the guests, that "it goes with the room." A bellboy got into the car with plaintiff and directed him through an alley to defendant's parking lot which was located to the rear of the hotel and separated therefrom by the

alley. There plaintiff found one Paul Mullens, a uniformed employee of defendant. Plaintiff parked his car at the place in the parking lot designated by Mullens, and the bellboy took his bag and other packages containing dress goods to plaintiff's room in the hotel.

On December 4, 1944, plaintiff again came to Charleston, this time with the merchandise the value of which is sought to be recovered in this action. He drove into the parking lot and Mullens again showed him where to park. At that time the cartons of merchandise were taken to his room. He remained at the hotel until about nine or nine-thirty o'clock on the morning of December 11, 1944, when he checked out of the hotel, at which time the cartons of merchandise were removed to the back of plaintiff's automobile. Plaintiff started for Beckley, but was compelled to turn back at Marmet, about twelve miles from Charleston, because of a severe snowstorm. In the evening, as it was growing dark, he drove into the parking lot, and was again directed where to park. The bellboy took his satchel and sample case out of the car, and inquired of plaintiff whether he should take the cartons into the hotel, to which plaintiff answered, "No." Plaintiff then locked his car, proceeded into the hotel and registered. The following morning he found that his automobile had been broken into during the night and the cartons containing the dresses, which he claims were worth $2033.00, stolen.

Plaintiff claims that on December 11, 1944, when he left the merchandise locked in his car that the hotel company knew, through the clerk at the desk, that plaintiff had left valuable property in the parked car. He was asked on cross-examination, "You told the clerk at the desk that you had this valuable stuff in your car, parked out in the Lot?", to which he replied, "Yes." This testimony is without contradiction in the record. The clerk is no longer in the hotel's employ and was unavailable as a witness. Plaintiff says he did not take the merchandise out of the car on the night of December

11, because of the difficulty caused by an eighteen-inch snow.

For its defense defendant relied chiefly upon the testimony of Mullens. This witness testified that plaintiff knew that he, Mullens, would quit work about nine-thirty or ten o'clock and remain off until six-thirty or seven o'clock the following morning. Mullens' testimony in its main essentials is denied by plaintiff.

The evidence discloses that the parking lot, separated from the hotel by an alley, was large enough to accommodate a number of automobiles; that the hotel company was accustomed to permit its guests to park their cars thereon free of charge, and also that certain members of the public, other than hotel guests, used the parking lot without cost. In addition to access to the parking lot through the alley, persons could walk to the hotel parking lot from a large parking lot owned and operated by an organization known as "Park Your Car Company", which latter parking lot bordered along a public street in the City of Charleston.

This record contains sufficient evidence to justify a jury in finding that the use of the parking lot by plaintiff was included in the room rental, and that on the occasion of December 11, 1944, the hotel company knew that plaintiff had left valuable goods stored in his locked car, and, therefore, the circuit court was fully justified in giving to the jury plaintiff's instruction No. 1, which submitted to the jury plaintiff's theory that defendant was a bailee for hire. In the recent case of *Barnette* v. *Casey*, 124 W. Va. 143, pt. 1 syl., 19 S. E. 2d 621, this Court held: "The operator of an automobile parking lot, who, for compensation, undertakes to store, preserve and return property delivered to him by the owner or his agent, is a bailee for hire, and upon acceptance of such property becomes obligated in law to exercise reasonable and ordinary care for its safety." In that case this Court denied recovery against an operator of an automobile parking lot for baggage and wearing

apparel left in the rear or baggage compartment of an automobile, delivered to such operator as bailee, and lost through theft of the automobile, because the record contained no evidence that the operator had any notice, express or implied, that the baggage and its contents were in the Barnette automobile at the time it was parked. In this regard the *Barnette* case should be distinguished from the instant case.

But defendant claims that plaintiff was guilty of contributory negligence in leaving the merchandise in the car. On this theory it is contended that the trial court erred in refusing defendant's instruction No. 2, which would have instructed the jury to find for the defendant if they believed that on the occasion of December 11, 1944, the plaintiff did not exercise "that degree of care for the protection of his said merchandise that a prudent man may reasonably be expected to exercise in such circumstances", which lack of care contributed to the loss of the merchandise. This case should be distinguished from that of *Osborn* v. *Cline*, 263 N. Y. 434, 189 N. E. 483, cited by counsel for defendant, in support of its theory that the question of whether plaintiff was guilty of contributory negligence should have been submitted to the jury. In that case the bailor violated the contract of bailment, in that plaintiff's wife drove plaintiff's car into the parking lot, was told to lock it, and did not do so, but on the contrary left the car unlocked without removing the key. A bailment results from a contract, either express or implied in whole or in part. 6 Am. Jur., Bailments, Section 75. To allow defendant to assert the defense of contributory negligence in the instant case would not be consonant with the contract which the hotel company made with plaintiff. As heretofore suggested plaintiff's automobile, with the merchandise contained therein, was left in full control of defendant in circumstances which do not disclose that defendant had the lack of notice which constituted the bar for recovery in the *Barnette* case. Only an affirmative act of subsequent negligence by plaintiff, which

is not disclosed by this record, would support defendant's theory of contributory negligence. It follows that the circuit court properly refused defendant's instruction No. 2.

Defendant's instruction No. 3 is based upon defendant's theory of lack of notice to the bailee. As heretofore suggested such theory is unsupported by the evidence.

And finally defendant asserts in this Court that plaintiff assumed the risk. The cases cited by defendant in support of this theory are not bailment cases. Under the contract of bailment necessarily the parties assume whatever risks are provided for in the contract itself. Here the defendant hotel company having assumed full control of defendant's automobile, while it remained in the parking lot, assumed the risk incident to that control.

For the foregoing reasons we are of opinion that the verdict of the jury is amply supported by the evidence under proper rulings of the trial court on the giving and refusal of instructions. The judgment of the circuit court is therefore affirmed.

*Affirmed.*

LOVINS, JUDGE, dissenting:

I respectfully dissent from the conclusion reached by the majority of this Court.

I have some doubt whether a bailment for hire was shown by the evidence, but I do not think that the question was properly presented to the trial court by defendant and, therefore, refrain from a discussion of that assignment of error. But the record raises a question whether the goods of plaintiff were lost through fault on his part.

Under the common law an innkeeper was an insurer of the goods of his guests, but this liability could be

limited by express agreement or notice to the guest. *Cunningham* v. *Bucky*, 42 W. Va. 671, 26 S. E. 442. The rule has been modified by statute so that innkeepers are now required "to take every reasonable precaution to protect the persons and property of their guests." Code, 16-6-22. If the loss is occasioned by an act of God, the public enemy, or *through the fault of the guest, the innkeeper is not liable. Cunningham* v. *Bucky, supra.* In this case the evidence of the parking lot attendant tended to show that Weisman's negligence caused the loss of the goods. Weisman knew that his goods were protected only by the fragile glass windows of his automobile, and that the vehicle was parked upon an open lot in a populous community. The parking lot attendant, Mullens, testified, in substance, that he informed Weisman that the parking lot was not protected by an attendant after nine-thirty or ten o'clock at night, and that Weisman then informed Mullens that he, Weisman, would return and get his automobile. This conversation is denied by Weisman, but his denial does not foreclose the right of the defendant to present the theory that the loss was occasioned by negligence on the part of Weisman. *Cunningham* v. *Bucky, supra; Elcox* v. *Hill,* 98 U. S. 218, 25 L. ed. 103; 28 Am. Jur. 108; 2 Williston on Contracts 1988. A guest cannot recover for the loss of his goods if he fails to exercise the ordinary care a reasonably prudent man would exercise in the existing circumstances. Beale on Innkeepers, Section 223.

If the evidence of the parking lot attendant is true, Weisman failed to exercise ordinary care in this instance. He could have removed his goods from the automobile at nine-thirty, or he could have taken other measures to protect his goods at that time. Of course, the question of a guest's negligence or contributory negligence is a question for the jury. Defendant endeavored to submit this question to the jury by its instruction No. 2, reading as follows:

"The Court instructs the jury that if you believe from the evidence in this case that the Hol-

ley Hotel Company, prior to, on and during the nighttime of the 11th day of December, 1944, provided, free to its guests, an automobile parking. lot in the rear of its hotel building, and that the plaintiff left in his automobile parked on said lot in the nighttime of said 11th day of December, 1944, valuable merchandise; and if you shall further believe from all the evidence in this case that the plaintiff on said occasion did not exercise that degree of care for the protection of his said merchandise that a prudent man may reasonably be expected to exercise in such circumstances, and that such lack of care on the part of the plaintiff contributed to the loss. of his merchandise; Then you shall find for the defendant."

This instruction was refused. It is my opinion that the refusal to give defendant's instruction No. 2 constituted error. In .my view the foregoing instruction states a correct principle of law with reference to the loss of goods of a. guest of an inn or hotel occasioned by his negligence. The evidence of the attendant at the parking lot is a sufficient factual basis for giving defendant's instruction No. 2.

For the reason herein stated I would reverse the judgment of the trial court.