## 39054. SOUTHERN BONDED WAREHOUSE COMPANY v. ROADWAY EXPRESS, INC.

NICHOLS, Judge. 1. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock v. Hackel,* 164 Ga. 257 (5) (138 SE 333)." *Calbeck v. Herrington,* 169 Ga. 869, 873 (152 SE 53). "To be subject to general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer." *Medlock v. Aycock,* 16 Ga. App. 813 (1) (86 SE 455). See also *Midland Properties Co. v. Farmer,* 100 Ga. App. 8, 33 (110 SE2d 100).

(a) While on demurrer pleadings are construed most strongly against the pleader, yet they must be read as a whole and given their natural intendment. *Georgia Power Co. v. Leonard,* 187 Ga. 608, 614 (1 SE2d 579).

2. A general demurrer will not reach the question of whether the proper measure of damages is alleged in a petition. See *Crawford v. Sumerau,* 100 Ga. App. 499 (111 SE2d 746), and citations.

3. Either the bailor or bailee, except in the case of gratuitous bailment may bring an action against a stranger to recover for damages to the bailed property and if the action is brought by the bailee he may recover the full damages and hold the balance, beyond his special interest, for the bailor. *Schley v. Lyon,* 6 Ga. 530; *Marietta Ice & Coal Co. v. Western & A. R. Co.,* 24 Ga. App. 725 (102 SE 182); 8 C.J.S. 371, Bailments, § 56.

4. In the absence of a statute requiring a different interpretation, where personal property is leased the lessee of such property is a bailee for hire of such property, and an allegation that the plaintiff leased certain personal property from the owner will be construed as an allegation that the plaintiff was a bailee for hire of such property.

5. The petition alleged a cause of action against the defendant, and the trial court erred in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 27, 1961.

*Ben J. Camp, A. Tate Conyers,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Tom Watson Brown,* contra.