43766. CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY COMPANY v. HILLEY.

PANNELL, Judge. Cincinnati New Orleans & Texas Pacific Railway Company brought an action in tort against J. Q. Hilley seeking to recover for damages to a locomotive engine owned

by it which allegedly occurred as a result of a collision between the engine and the defendant's tractor-trailer on the track of the Southern Railway Company while the engine was on bailment to the Southern Railway Company and pulling a Southern Railway Company train and when plaintiff did not, and had no right to, control the use and operation of the engine or train. After demurrers and answers were filed, the defendant, on February 26, 1968, filed a "motion for judgment" claiming as res judicata a judgment rendered in an action brought by J. Q. Hilley against the Southern Railway Company seeking to recover damages arising out of the collision and in which Southern Railway filed a cross action seeking to recover damages to the locomotive engine from which the cross action was stricken and a cross action filed seeking recovery for damages to the Southern Railway Company equipment. A certified copy of the pleadings, verdict and judgment in the case of J. Q. Hilley v. Southern Railway Company, as alleged, was attached to the motion.

The trial judge sustained the motion for judgment and entered judgment in the case in favor of the defendant Hilley. The plaintiff appealed. *Held:*

1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. "In order for one to take advantage of the doctrine of res judicata in a subsequent suit based upon a judgment in a prior suit, there are, generally speaking, three prerequisites: (1) identity of parties, (2) identity of cause of action, (3) adjudication by a court of competent jurisdiction. *Latine v. Clements*, 3 Ga. 426, 429. Of course, parties includes privies, usually defined as all persons who are represented by parties and claim under them, the term privity denoting a mutual or successive relationship to the same rights of property (*Latine v. Clements*, supra; *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149 (1) (6 SE2d 126); *Morris v. Georgia Power Co.*, 65 Ga. App. 180 (1a) (15 SE2d 730); *Roberts v. Hill*, 81 Ga. App. 185 (58 SE2d 465); *Morris v. Murphey & Co.*, 95 Ga. 307 (22 SE 635, 51 ASR 81)), but not different rights in the same property. *Commercial Credit Corp. v. Citizens & Southern Nat. Bank*,

68 Ga. App. 393 (1) (23 SE2d 198)." *Life & Cas. Ins. Co. v. Webb,* 112 Ga. App. 344, 346 (145 SE2d 63).

2. "Either the bailor or bailee, except in the case of gratuitous bailment may bring an action against a stranger to recover for damages to the bailed property and if the action is brought by the bailee he may recover the full damages and hold the balance, beyond his special interest, for the bailor. *Schley v. Lyon,* 6 Ga. 530; *Marietta Ice & Coal Co. v. Western & A. R. Co.,* 24 Ga. App. 725 (102 SE 182); 8 CJS 371, Bailments, § 56." *Southern Bonded Warehouse Co. v. Roadway Express,* 104 Ga. App. 458 (3) (122 SE2d 147). And where a bailee in the operation of the property bailed, a locomotive engine, collides with a vehicle of a third party, and is sued by the third party the bailee may file a cross action to recover for the damages to both the bailee's and bailor's interest in the property bailed, yet the failure of the bailee to sue to recover the damage to the bailor's interest does not cause the right to recover the damage to the bailor's interest to come within the rule of res judicata as to matters which "might have been put in issue," nor is there, in the absence of a cross action by the bailee to recover for the bailor, any privity between the bailor and the bailee respecting the matters actually decided therein.

Accordingly, the prior cross action here was not one between the same parties or their privies, nor was it upon the same cause of action as that in the present suit. It follows therefore that the trial court erred in sustaining the motion for judgment in this case based upon the judgment in the prior case. See in this connection 6 AmJur 489, Bailments, § 405; 8 AmJur2d, Bailments, 1141, 1142, § 254; Anno. 4 ALR2d 1379; 50 CJS 330, Judgments, § 792; Southern R. Co. v. Kelly Construction Co. (Ky. App.) 406 SW2d 305; Pierce Oil Corp. v. Taylor, 147 Ark. 100 (227 SW 420); McLaughlin v. Norfolk Southern R. Co., 174 N. C. 182 (93 SE 748); Peck v. Merchants' Transfer &c. Co., 85 Kan. 126 (116 P 365).

In deciding this case, we have passed over questions relating to the timeliness of the filing of the "motion for judgment" and whether or not it was otherwise properly presented.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 3, 1968.

*Pittman & Kinney, L. Hugh Kemp,* for appellant.

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellee.