45681.   TRAYLOR v. HYATT CORPORATION.

EBERHARDT, Judge. James R. Traylor, Sr., who lived in Moultrie, stopped overnight at the Regency in Atlanta on his way to Athens for the purpose of delivering 13 bags of clothing to his son and daughter-in-law, who were students at the University of Georgia. He delivered his automobile, with the bags of clothing therein, to an employee of the Regency for parking (for a

fee) in its facility, and was a guest at the hotel. When his car was delivered to plaintiff's son the next day the bags of clothing were missing. After demand and refusal, Traylor brought trover against the hotel. Defendant moved for summary judgment on several grounds, and it was sustained on the ground that plaintiff was not the owner of the clothing and was not entitled to bring the action. All other grounds were overruled. Plaintiff appeals from the grant of summary judgment. There is no cross appeal. *Held:*

1. "An innkeeper is a depositary for hire, but, from the peculiar nature of his business, his liability is governed by some stringent rules." *Code* § 52-104. "An innkeeper shall be bound to extraordinary diligence in preserving the property of his guest, intrusted to his care, and shall be liable for the same, if stolen, where the guest shall have complied with all reasonable rules of the inn." *Code* § 52-108. "In case of loss of property of any guest the presumption is want of proper diligence of the innkeeper. . . The liability of the innkeeper for loss of or injury to personal property placed by any guest under his care, other than valuable articles which must be delivered to the innkeeper to be deposited in an iron safe or other place of deposit, shall not exceed the sum of $100" unless the guest shall have notified the innkeeper in writing that the value exceeds $100; provided, that a copy of *Code* § 52-111, printed in distinct type, is posted on the door of the guest's room. *Code* § 52-111.

2. A bailment relationship is, as between the bailor and bailee, sufficient to support an action in trover when the chattel bailed is converted or is wrongfully withheld from the bailor. *Booth v. Terrell,* 16 Ga. 20 (13); *Schley v. Lyon,* 6 Ga. 530.

3. A right of possession in the bailor is sufficient to support an action in trover when the bailee converts or wrongfully withholds the chattel from the bailor. *Livingston v. Epsten-Roberts Co.,* 50 Ga. App. 25, 28 (177 SE 79). "[T]he mere right of possession of personal property, even if the holder has no valid title to it, gives him a right to maintain a suit in trover against a wrongdoer who has deprived him of that possession." *Beverly v. Wilson,* 19 Ga. App. 393 (1) (91 SE 515). Accord, *Camp v. Turner,* 19 Ga. App. 452 (1) (91 SE 910). "A bailee who is enti-

tled to the possession of the property bailed has such a special interest therein as entitles him to maintain in his own name a suit against a third party for the loss or destruction of the property. Such recovery, however, is for the use or benefit of the owner. . ." *Marietta Ice &c. Co. v. Western & A. R. Co.,* 24 Ga. App. 725 (1, 2) (102 SE 182). "A bailee, by virtue of the bailment and until its termination has lawful possession or custody of the thing bailed for the specific purpose of the bailment, and a special property or possessory interest in the subject matter, which is equivalent to, or in the nature of, actual ownership except as against his bailor. It entitles him to hold the property bailed against third persons, and, *whatever may be the class of the bailment,* to avail himself of any legal means to defend it against any person who may interfere with his accomplishing the purposes of the bailment." (Emphasis supplied.) 8 CJS 370, Bailments, § 20 (b).

The exception "in the case of gratuitous bailment" found in *Southern Bonded Warehouse Co. v. Roadway Express, Inc.,* 104 Ga. App. 458 (3) (122 SE2d 147), and quoted in *Cincinnati, New Orleans &c. R. Co. v. Hilley,* 118 Ga. App. 293 (2) (163 SE2d 438) is obiter dictum, for it affirmatively appears in each of these cases that the bailment under consideration was one for hire. Moreover, the supporting citations (*Schley v. Lyon,* 6 Ga. 530, supra, and *Marietta Ice &c. Co. v. Western & A. R. Co.,* 24 Ga. App. 725, supra, while supporting the ruling made, do not support the exception indicated. We have been unable to find a case in which this court or the Supreme Court has held that a gratuitous bailee cannot maintain an action in trover against one who may have wrongfully deprived him of his possession, or may wrongfully withhold it from him, or that he cannot recover the whole value of the chattel for the use and benefit of its owner.

4. That Mr. Traylor, himself a gratuitous bailee, may have bailed the chattel to the hotel does not deprive him of his right to bring trover against his bailee for a conversion thereof.

5. The record does not indicate whether there may have been written notice to the innkeeper that the value of the clothing left in his automobile, which the hotel parked in its own facil-

ity for a fee, exceeded $100, or whether a printed copy of *Code* § 52-111 was posted in the guest's room. Thus, there are factual questions for resolution.

6. We conclude that the court erred in its grant of summary judgment for the reasons stated in Divisions 3, 4 and 5.

7. In view of the particular ground on which summary judgment was granted, we do not reach the matter of whether notice by the guest to the innkeeper of the presence in his car of the clothing was a requisite to the creation of a bailment relationship as to it; or whether, in the absence of notice the hotel was, as to the clothing, a naked depository (cf. *Stewart & Powell v. Head,* 70 Ga. 449); or whether the nature and quantity of the clothing made it such as might have been generally expected to be found in the car of a single guest; but in this connection see: *Sasseen & Whitaker v. Clark,* 37 Ga. 242; *Rockwell v. Proctor,* 39 Ga. 105; *Bohler v. Owens,* 60 Ga. 185; *Murchison v. Sergent,* 69 Ga. 206 (47 AR 754); *Coskery v. Nagle,* 83 Ga. 696 (10 SE 491, 6 LRA 483, 20 ASR 333); *Carhart v. Wainman,* 114 Ga. 632 (40 SE 781, 88 ASR 45); *Jones v. Savannah Hotel Co.,* 141 Ga. 530 (81 SE 874, 51 LRA (NS) 1168); *Hines v. Wallace,* 25 Ga. App. 377 (103 SE 439); *Griffis v. Buckofzer,* 25 Ga. App. 531 (103 SE 800); *Humphrey v. Merchants & Miners Transp. Co.,* 38 Ga. App. 578 (144 SE 354); Campbell v. Portsmouth Hotel Co., 91 N. H. 390 (20 A2d 644, 135 ALR 1196 (annot. at p. 1201)); Drybrough v. Veech, (Ky. App.) 238 SW2d 996 (27 ALR2d 793 (annot. at p. 796)); Barnette v. Casey, 124 W. Va. 143 (19 SE2d 621); Weisman v. Holley Hotel Co., 128 W. Va. 476 (37 SE2d 94); Park-O-Tell Co. v. Roskamp, 203 Okla. 493 (223 P2d 375); Palotto v. Hanna Parking Garage Co., 46 lbs. 18 (68 NE2d 170).

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*
ARGUED OCTOBER 5, 1970—DECIDED OCTOBER 14, 1970.

*Sam G. Dettlebach,* for appellant.

*Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., Max B. Hardy, Jr.,* for appellee.