## 45822. ELLERMAN v. ATLANTA AMERICAN MOTOR HOTEL CORPORATION.

SUBMITTED JANUARY 4, 1972—DECIDED MAY 3, 1972.

*Dunaway, Shelfer, Haas & Newberry, L. Robert Lake,* for appellant.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellee.

BELL, Chief Judge. 1. The fact that plaintiff has settled with his insurance company for the loss of the automobile will not operate to bar the plaintiff from bringing this suit

to recover for the items of personalty contained within the trunk on the theory of splitting of the claim. Both parties cite *Story v. Rivers,* 220 Ga. 232 (138 SE2d 304). The rule prohibiting splitting causes of action is for the benefit of the defendant tortfeasor, to protect him from a multiplicity of suits. There is no evidence here showing a judgment, settlement, or pending action against the defendant for the loss of the automobile.

2. The defendant contends that the depositing of the automobile with the defendant's attendant under these circumstances does not give rise to a bailment relationship because of the disclaimer of liability printed on the claim check given to plaintiff. He relies upon our decision in *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901) as controlling. As we view this issue, *Brown* is not in point. *Brown* dealt with an ordinary parking lot. There is no special statute governing that operation. This case involves a parking facility operated by a motel as a part of its service and this creates the relationship of innkeeper and guest. This latter relationship is influenced by special statutory provisions. *Code Ch.* 52-1; *Traylor v. Hyatt Corp.,* 122 Ga. App. 633 (178 SE2d 289).

It is recognized that an ordinary bailee by contract may limit or completely exculpate himself from any liability for loss or damage to the bailed property as a result of his own simple negligence. *Evans & Pennington v. Nail,* 1 Ga. App. 42 (1, 2) (57 SE 1020). However, an innkeeper is not an "ordinary" bailee. Many courts and texts have described an innkeeper as a "professional" bailee. See 8 AmJur2d 1026, § 131, and Ann. 175 ALR 111 et seq. and particularly ibid, § 69, p. 149. Unlike an "ordinary" bailee the "professional" bailee is often precluded from limiting by contract liability for his own negligence as violative of public policy. The reasoning utilized is that the public, in dealing with innkeepers, lacks a practical equality of bargaining power and may be coerced to accede to the contractual conditions sought by the innkeeper or else be denied the needed services. We think that both the principle precluding the limi-

tation of liability and the reasoning underlying it are sound. The General Assembly by *Code* § 52-111 authorizing a limitation of liability has pre-empted the field on that subject. We are therefore constrained to hold that the legislative pre-emption cannot be avoided by a special contract and that any such contract purporting to further exculpate the innkeeper is contrary to the public interest and policy and cannot be enforced.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*