49368. DAVIDSON v. RAMSBY et al.

EVANS, Judge.

On the evening of December 30, 1971, Gilbert Davidson drove his automobile to the Ambassador Restaurant in Atlanta, Georgia. Upon arrival at the restaurant he stopped at the entrance, locked the glove compartment, but left the key and several other keys, including the ignition key, in the car. He then gave possession of the car to an attendant so the car might be parked. The attendant, representing Charles Ramsby, who operated the parking lot for Ambassador Restaurants, Inc., gave Davidson a parking check and parked the automobile.

For the mutual purposes of inducing the restaurant trade to use its facilities, Ambassador Restaurants, Inc. had contracted with a private person to furnish the parking facilities to its guests who mutually enjoy the use of the facilities. The cost of same is presumably within the price of the food and drink, and there is no extra charge except for the "gratuitous" tip which is the usual and customary charge for services.

Davidson did not read the language on the parking check. After the attendant parked the automobile, the keys were placed on a peg board in the restaurant, which was numbered according to the parking spaces in which the vehicles were parked. The parking checks used by Ramsby have large numbers thereon, with the words, "Ambassador Restaurant and Embassy Lounge," and "Not responsible for items left in car."

Several hours later, after he had dined, Davidson returned for his car. The automobile was missing from the lot, presumably stolen. It was recovered the following day with numerous articles of personalty missing from the interior, the glove compartment and the trunk. The keys to the automobile were found in the rear seat.

Davidson sued Ambassador Restaurants, Inc., as principal, and Ramsby, as agent, for negligence in allowing the automobile to be removed from the parking lot, which resulted in the loss of the personal items for which he seeks $1,113.07 in damages. The personalty which plaintiff alleges was missing from the car upon its return to him included camera equipment, binoculars, brief cases, sporting equipment, and a tool box and tools. It was not contended by Davidson that defendants had knowledge that such personalty was contained within the car at the time of delivery to defendant.

Defendants answered, and denied liability. After discovery, defendants moved for summary judgment, the principal grounds urged in support thereof being first that the exculpatory language on the parking checks absolved defendants; and second that no bailment was created as to the items of personalty because defendants had no knowledge that same were contained within the automobile.

The trial court granted summary judgment for

defendants. The questions to be determined here are as to whether the exculpatory language on the parking ticket absolved defendants from liability, and as to whether a bailment for hire was created as to the items of personalty in the absence of defendants' knowledge of same being contained in the car. A finding in defendants' favor on either of these questions would be sufficient to support the finding in favor of summary judgment for defendants. *Held:*

1. A mere disclaimer of responsibility on a receipt is insufficient to absolve one of responsibility where negligence is alleged in the handling of plaintiff's automobile while defendants had it in their possession so as to allow the keys to be used in removing it. Further, there was no evidence that plaintiff was aware of the disclaimer written on the receipt. See in this connection, *American Laundry v. Hall,* 27 Ga. App. 717 (1) (109 SE 676); *Red-Cross Laundry v. Tuten,* 31 Ga. App. 689 (1) (121 SE 865). Compare *Evans & Pennington v. Nail,* 1 Ga. App. 42 (1, 2) (57 SE 1020); *Ellerman v. Atlanta American Motor Hotel Corp.,* 126 Ga. App. 194 (191 SE2d 295); *Diplomat Restaurant v. Townsend,* 118 Ga. App. 694 (165 SE2d 317). The case of *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (175 SE2d 901), relied upon by the defendants, is not applicable to the facts of this case.

2. Agency may be established by circumstances, apparent relations and conduct of the parties. Code § 4-101; *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88 (1) (80 SE 302); *Cable Co. v. Walker,* 127 Ga. 65 (56 SE 108); *Executive Committee v. Ferguson,* 95 Ga. App. 393 (98 SE2d 50); *King v. Towns,* 102 Ga. App. 895 (118 SE2d 121); *Fordham v. Garrett-Schwartz Motor Co.,* 121 Ga. App. 237, 238 (3) (173 SE2d 450). The parking checks or receipts for automobiles containing the alleged waiver of responsibility had the names of the two establishments owned by the defendant Ambassador Restaurants, Inc. and not Ramsby.

3. In view of all of the foregoing, we hold that defendants could not escape liability because of the exculpatory language printed on the parking ticket.

4. We now come to the critical question in this case,

to wit, are the circumstances here sufficient to create a bailment for hire *as to the contents of the automobile?*

5. To create a bailment, express or implied, there must be an actual or constructive delivery of the goods with actual or constructive possession in the bailee, exclusive and independent of the bailor and all other persons. Code §§ 12-101, 12-102; *Atlantic C. L. R. Co. v. Baker,* 118 Ga. 809, 810 (45 SE 673).

6. The relationship of the owner of an automobile and the owner of a garage for the storage of such automobile is that of bailor and bailee. Code § 12-403; *Bunn v. Broadway Parking Center,* 116 Ga. App. 85 (156 SE2d 464).

7. Where the object of the bailment is beneficial to both bailor and bailee, the degree of diligence required of the bailee is ordinary care. *Merchants National Bank v. Guilmartin,* 88 Ga. 797, 799 (15 SE 831); *Renfroe v. Fouche,* 26 Ga. App. 340 (2) (106 SE 303); *Goodyear Clearwater Mills v. Wheeler,* 77 Ga. App. 570, 578 (5) (49 SE2d 184).

8. In all cases of bailment after proof of loss, the burden is on the bailee to show proper diligence. Code § 12-104.

9. But as to the *contents of an automobile,* admitting that the automobile is properly shown to be a bailment for hire, when and under what circumstances does a bailment for hire arise as to such contents of which the bailee has no actual knowledge? How far does his liability extend as to contents, of which he has no knowledge or notice? Does the law impose upon the bailee strict liability for the safekeeping of articles stored inside the car, even though he has no notice or knowledge as to such contents? Can the law regard him as a bailee of items entrusted to him, when he has no knowledge or notice that he has been entrusted with such items? In this case, all of the keys to the car were surrendered to the bailee, and presumably he could have made a thorough search of the car to determine for himself what it contained. Does the law contemplate such search, and if so, must each car be thoroughly searched and checked out at time of its delivery to the bailee, and in the presence of the bailor? How many cars of other customers will be backed-

up while waiting for this exhaustive search by the person who takes charge of your car at a restaurant or hotel?

If the law is as contended by plaintiff, and if the bailee is responsible for all contents of the car whether he had any knowledge of such contents or not, suppose the car contained an expensive diamond ring of the value of $100,000 (or $100,000 in currency for that matter), must the bailee come up with $100,000 when the car is stolen? What position is bailee in to dispute the car owner's declaration that the automobile did contain such an expensive ring, or $100,000 in currency?

This is a case of first impression in Georgia, so we reluctantly look to authorities from other jurisdictions. The New Hampshire case of Campbell v. Portsmouth Hotel Co., 91 N. H. 390 (20 A2d 644), discusses this question as to a hotel, and holds that such hotel, though having no knowledge of the contents of the car of its guest, "it might be held that the agreement to take care of the car implied a promise to take care *of what might be expected to be in it."* (Emphasis supplied.) Under this authority, before the plaintiff could recover, he would first have to introduce evidence to show that the bailee should have expected such items as cameras, binoculars, sporting equipment, etc. to be contained in the car.

Continuing our search into other jurisdictions, in 27 ALR2d 796 Annot. (Liability of Bailee for Hire of Automobile for loss of contents) at p. 799, it is stated: "In most of the cases the liability of a bailee for hire of an automobile for loss of, or damage to, the contents of the automobile is made to depend on the *absence or presence of notice or knowledge of the contents."* (Emphasis supplied.) And in 27 ALR2d 796, 811, it is stated: "The rule of *nonliability for loss* of, or damage to, contents of an automobile, *where there is no notice or knowledge of the contents* has been applied to parking lot operators." (Emphasis supplied.)

Our Georgia courts have decided cases which involve similar facts, but without ever deciding the question here involved. For instance, in *Diplomat Restaurant v. Townsend,* 118 Ga. App. 694, supra, the only question decided was whether Code § 52-111 limiting an *innkeeper's* liability to $100 applied to restaurants, and

it was held that same did not apply to restaurants. In *Ellerman v. Atlanta American Motor Hotel Corp.,* 126 Ga. App. 194, supra, the question decided was whether an innkeeper could limit his liability by exculpatory language printed on a check delivered to the car-owner at time of bailment. In *Traylor v. Hyatt Corp.,* 122 Ga. App. 633 (178 SE2d 289), and at 636 (7), this court made it plain that it would not decide whether the bailee must have notice as to the contents of the car before being held liable. In *Humphrey v. Merchants &c. Co.,* 38 Ga. App. 578 (144 SE 354), loss of articles from a passenger's room in a steamship were sued for and this court said: "Whether the defendant be treated as an innkeeper or as a common carrier of goods, it would at least be *responsible to plaintiff for the loss of such articles as the passenger might be reasonably expected to carry on his person,* where the loss occurred as a result of defendant's negligence." (Emphasis supplied.) The articles involved were a watch, watch-chain, and a small amount of money. To the same effect, and using almost identical language, see *Pullman's Palace Car Co. v. Martin,* 95 Ga. 314 (1) (22 SE 700). In *Blosser Co. v. Doonan,* 8 Ga. App. 285 (2) (68 SE 1074), it is held that before the bailee is charged with the duty of safe-keeping property "he must assent to the bailment, either expressly or impliedly." In the case sub judice the bailees assented as to the car, but it was not conclusively shown that they assented as to the *contents.*

10. We hold that a bailee for hire as to an automobile is not liable for the contents thereof unless he has actual or implied knowledge or notice as to such contents. If the articles are such as the bailee might "reasonably expect" to be therein this would be sufficient notice.

11. But a jury question is made in this case as to whether the articles of personalty sued for, camera, binoculars, etc. were such as the bailees should have "reasonably expected" to be contained in the car. Under the very rigid rules as to summary judgments, laid down in *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4-5 (126 SE2d 442); and *McCarty v. National Life Ins. Co.,* 107 Ga. App. 178, 179 (2) (129 SE2d 408), all of the evidence, and all deductions and inferences arising from the evidence,

must be construed most strongly against the movant for summary judgment, and this is true as to circumstantial evidence as well as direct evidence. See *Whitaker v. Paden,* 78 Ga. App. 145, 148 (50 SE2d 774).

12. The judgment of the trial court in granting summary judgment for defendants is reversed, and it is ordered that the case be submitted to a jury for determination as to whether the defendants had notice or knowledge of the contents of the car, and as to whether the articles were such that the defendants should have reasonably expected to be contained therein.

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

ARGUED MAY 10, 1974 — DECIDED OCTOBER 23, 1974.

*Wm. Boyd Lyons,* for appellant.
*John K. Dunlap,* for appellees.