## 59320. SUMMER v. HYATT CORPORATION.

SHULMAN, Judge.

Plaintiff brought this action to recover damages for loss or theft of valuables from her purse, contending that the loss or theft was due to the negligence of defendant or to the maintenance of a nuisance by defendant. The loss or theft occurred in the rotating Polaris restaurant, operated by defendant and located atop the Hyatt Regency hotel owned by defendant. While plaintiff was registered as a guest at the hotel, she went into the restaurant and took a seat on the rotating portion of the structure, placing her purse on the stationary portion of the structure. Plaintiff's seat rotated away from her purse. When the purse was recovered, valuables were missing from it.

Defendant moved for and received summary judgment on the basis of plaintiff's admitted noncompliance with the hotel's regulations concerning the safekeeping of guests' valuables. See Code. Ann. § 52-108 et seq.; *Jones v. Savannah Hotel Co.,* 141 Ga. 530 (2) (81 SE 874). Plaintiff contends in this appeal from the order granting summary judgment to defendant that her status as an invitee of the restaurant, rather than her status as a hotel guest, controls the rights and liabilities of the parties to this action.

Although this precise question has not been decided in Georgia (that is, whether an "inn" guest retains guest status when such guest avails herself of a restaurant facility located on the premises of the hotel structure), several cases imply that the relationship of guest-innkeeper would remain in effect during the guest's occupation of a hotel's restaurant and bar. (See Alpaugh v. Wolverton, 184 Va. 943 (2) (36 SE2d 906)). For example, in *Walpert v. Bohan,* 126 Ga. 532, 534 (55 SE 181), it was stated that: " '[O]ne who keeps a public house may, not

inconsistently, *carry on a restaurant,* cater to a select company, *serve liquors at a bar,* keep a shaving saloon, or permit outside parties to get up a ball on his premises; [but] *as to strangers who avail themselves* of such extraneous service, he is no innkeeper at all.' " (Emphasis supplied.)

What *Walpert* implies is that an innkeeper who provides the above service to a guest of the inn remains in the status of an innkeeper in regard to such guest. As to a stranger, however, that is, one who is not a guest of the inn, the fact that an innkeeper provides the above services does not establish a guest-innkeeper relationship. The duties normally flowing from the position of innkeeper, therefore, are not owed to a stranger, but they are owed to a guest.

*Diplomat Restaurant v. Townsend,* 118 Ga. App. 694 (165 SE2d 317), likewise implies that a guest retains his guest status while patronizing a hotel restaurant. In *Diplomat Restaurant,* this court refused to apply the innkeeper statutes to one who "merely operated a restaurant and a bar for serving liquors," impliedly holding that its decision would have been contrary had the defendant likewise operated an inn.

Moreover, this court has previously found the relationship of innkeeper-guest to exist despite the fact that the guest was availing himself of facilities other than those used solely for lodging (rooms) and integral connecting portions of the hotel (lobby, elevators, etc.). See in this regard *Traylor v. Hyatt Corp.,* 122 Ga. App. 633 (1) (178 SE2d 289), wherein the court held the innkeeper statutes applicable to a guest's loss of property from his car parked (for a separate fee) in the hotel's parking lot. See also *Ellerman v. Atlanta American &c. Hotel Corp.,* 126 Ga. App. 194 (2) (191 SE2d 295).

We do not hold that an innkeeper retains his status as an innkeeper towards guests of the inn in regard to all extraneous services provided by the innkeeper, of which hotel guests as well as the general public partake (such as "boats for rowing and sailing . . . a public race-course or golf-links or a baseball park . . ." *Walpert,* supra, p. 535).

But, under the circumstances of the case at bar, in view of the fact that plaintiff was in defendant's

restaurant within the hotel structure, we conclude that plaintiff retained her guest status, as a matter of law, and that defendant continued to owe plaintiff the duties of an innkeeper, and that plaintiff accordingly was bound by the regulations established under Code Ann. Ch. 52-1.

That being so, plaintiff, as a guest, was required to comply with the posted rules in regard to the safety deposit of her valuables in order to recover against the defendant. The failure to do so precludes her recovery from defendant on the claims asserted. See *Jones, supra, p. 534.*

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 9, 1980 — DECIDED FEBRUARY 29, 1980.

*James C. Simmons, Jr.,* for appellant.
*Kevin C. Greene, Robert L. Pennington, Daniel S. Reinhardt,* for appellee.