74004. HICKS et al. v. DAYS INNS OF AMERICA, INC.
(357 SE2d 847)

CARLEY, Judge.

While staying in appellee-defendant's motel, appellant-plaintiffs experienced a theft from their room of several hundred dollars and a valuable antique pistol. Appellants brought suit, alleging theories of fraudulent concealment and negligence. The trial court granted appellee summary judgment on the fraud count and, on the negligence count, granted appellee partial summary judgment limiting its liabil-

ity for any recovery to $100. Appellants appeal from the order granting summary judgment in favor of appellee.

1. With regard to the fraud claim, it is alleged that appellee knew that appellants' motel room was not secure against the possible theft of their property, and that appellee's failure to give them a warning of that lack of security constitutes fraudulent concealment.

"Actionable concealment is a failure to disclose a material fact with the intent to deceive and mislead. . . ." *Mercer v. Woodard*, 166 Ga. App. 119, 123 (3) (303 SE2d 475) (1983). See also *Brown v. Rowe*, 178 Ga. App. 575, 577 (2) (344 SE2d 245) (1986). The evidence of record negates any intent on appellee's part to deceive or mislead appellants. The subject of the security of the motel room against theft never arose between the parties. Appellants never inquired about appellee's anti-theft security measures or gave any indication to appellee that they had valuables or large sums of money with them.

Moreover, unlike appellee's liability as a landowner for personal injury to its guests, the extent of its liability as an innkeeper for its guests' property damage is controlled by statute. The evidence of record is undisputed that appellee had posted, on the inside of the door to appellants' motel room, a notice which required guests to store their valuables in the motel's safe and which otherwise limited appellee's liability for the loss of a guest's property to $100 unless the guest had made prior written notification that the value of his property exceeded that amount. See OCGA § 43-21-10; former OCGA § 43-21-12. Compare *Murchison v. Sergent*, 69 Ga. 206 (1) (1882); *Traylor v. Hyatt Corp.*, 122 Ga. App. 633, 635 (5) (178 SE2d 289) (1970). This was a sufficient disclosure of the security measures that were made available by appellee for its guests' property and of the limitation on its liability as provided by the applicable statutes. Having posted, for its guests' notification, the disclosures authorized by law, appellee's failure to volunteer additional information cannot be found to be fraudulent. " 'Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover.' " *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 861 (5) (294 SE2d 533) (1982). Appellee's "publication of [its] rules to [its] guests shall bind them to comply therewith." OCGA § 43-21-12. "To hold that, without complying with the requirements of the notice authorized by . . . statute, the guest could nevertheless recover as to articles covered by the notice, merely by showing want of [additional disclosures] on the part of the innkeeper . . . , would practically make the statute nugatory." *Jones v. Savannah Hotel Co.*, 141 Ga. 530, 534 (2) (81 SE 874) (1914). The trial court was therefore correct in granting appellee's motion for summary judgment as to appellants' fraud claim.

2. In support of its motion for summary judgment as to appellants' negligence claim, appellee did not rely upon its publication of the notice authorized by OCGA § 43-21-10, pursuant to which it would "be relieved from responsibility" for appellants' "valuable articles" which were not placed in appellee's safe. Compare *Jones v. Savannah Hotel Co.*, supra; *Griffis v. Buckofzer*, 25 Ga. App. 531 (103 SE 800) (1920). Instead, appellee relied only upon its publication of the notice that is authorized by OCGA § 43-21-12 and which applies to the loss of property "other than valuable articles." The evidence is undisputed that appellee had posted, on the inside of the door to appellants' room, the notice authorized by OCGA § 43-21-12. Compare *Traylor v. Hyatt Corp.*, supra. Appellants assert only that they did not read the entire notice. They did not notify appellee in writing that their property's value was in excess of $100. Under these circumstances and OCGA § 43-21-12 as it existed at the time of appellants' loss, appellee's liability for their property damage was limited to $100. Accordingly, the trial court was correct in granting summary judgment limiting appellee's liability for its alleged negligence to a recovery of this amount. "The General Assembly by [enacting OCGA § 43-21-12] authorizing a limitation of liability has pre-empted the field on that subject." *Ellerman v. Atlanta American Motor Hotel Corp.*, 126 Ga. App. 194, 196 (2) (191 SE2d 295) (1972).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1987.

*David G. Crockett, D. Ruth Primm*, for appellants.
*Chuck E. Buker III, William A. Pannell*, for appellee.