**HOLZER WATCH CO., Inc., and G. Crohn, Inc., Plaintiffs-Appellants,**

v.

**DINKLER HOTEL CORPORATION OF GEORGIA, Defendant-Appellee.**

No. 27643.

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1969.

Edward E. Dorsey, David R. Aufdenspring, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., Rein, Mound & Cotton, New York City, for plaintiffs-appellants.

·H. A. Stephens, Jr., Warren C. Fortson, C. E. Gregory, Jr., Hillyer McD. Young, Atlanta, Ga., for defendant-appellee; Arnall, Golden & Gregory, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., of counsel.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from a dismissal of a suit by the plaintiffs seeking damages for the loss of jewelry contained in two sample cases which were left by a salesman in his room in the hotel. During his absence from the room the cases were allegedly abstracted and the jewelry was gone.

The trial court held that the Georgia Statute 52–110 [1] limited the liability of the defendant hotel unless the guest complied with the requirements of the statute. The court found that upon the undisputed evidence in the case, as disclosed by depositions, there was no substantial issue of fact which, if decided favorably for the plaintiffs, would have warranted a trial of the case. The undisputed evidence shows that the sample cases were never presented to an officer, agent or employe of the hotel, and Webb, the salesman, never requested that the same be placed in defendant's safe. Moreover, it is clear that Webb did not notify the defendant in writing that the property exceeded the sum of $100, nor did he furnish the defendant a list or schedule of such property with the value thereof, as required by the Georgia Code.

The trial court held that these failures, being undisputed, left no issue to be decided in light of its determination that the liability of the hotel company was fixed by the quoted section of the Georgia laws.

Concluding as we do, that the legal conclusion of the trial court was correct, we concur in the trial court's determination that there was no substantial issue to be tried.

The judgment is affirmed.

1. "52–110. (3510) *Deposit of valuables by guest with innkeeper—*
The innkeeper may provide an iron safe or other place of deposit for valuable articles, and, by posting a notice thereof, may require his guests to place such valuable article therein, or he shall be relieved from responsibility for them. For all valuable articles placed by a guest with an innkeeper for safekeeping the innkeeper shall give and the guest shall receive a receipt therefor to evidence the fact of such deposit. No guest shall recover of the innkeeper more than $100 for loss of valuable articles deposited· with the innkeeper for safe-keeping unless such guest shall have in his possession the receipt of the innkeeper for the valuable articles claimed to have been lost." (Acts 1922, p. 52.)