Joel S. KOCH and J. & R. Koch Co., Inc., Plaintiffs-Appellants,

v.

The BLOCK CORPORATION, Operating as Dempsey Motor Hotel, Defendant-Appellee.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellant,

v.

The BLOCK CORPORATION, Operating as Dempsey Motor Hotel, Defendant-Appellee.

No. 28158.

United States Court of Appeals, Fifth Circuit.

Jan. 29, 1970.

James M. Thomas, Timothy K. Adams, Macon, Ga., for plaintiffs-appellants; Jones, Cork, Miller & Benton, Macon, Ga., of counsel.

Charles J. Bloch, Wilbur D. Owens, Jr., J. Rene Hawkins, Macon, Ga., for defendant-appellee.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

This is the third case within as many months in which this court must determine the extent to which hotels are permitted to limit their liability to guests for jewelry stolen or otherwise lost. See Holzer Watch Co., Inc. v. Dinkler Hotel Corporation of Georgia, (5 Cir.) dec. Nov. 17, 1969, 418 F.2d 241 and Fuchs v. Harbor Island Spa, Inc., (5 Cir.) dec. January 5, 1970, 420 F.2d 1100.

As did the *Dinkler* case, supra, this case deals with the effect of the Georgia statute, although a different section. That case dealt with section 52–110, whereas this case deals with section 52–110.1 which provides as follows:

"52–110.1. Limitation of innkeeper's liability for loss of valuables in container.—No hotel, apartment hotel, or innkeeper shall be responsible in an amount in excess of $300 for the loss or theft of any valuables including cash, jewelry, etc. which are contained in a package, box, bag or other container left with hotel proprietor or innkeeper to be placed in the safe or other depository of the hotel or inn: Provided, however, that the liability of the hotel or innkeeper may be increased to an amount in excess of $300 by a written contract entered into between the parties providing a greater liability, provided the contract shall not call for any additional cost to guest. A notice containing the above provision of law shall be posted in a conspicuous place in all rooms of the hotel occupied by guests. (Acts 1943, p. 313).

Here, it is stipulated that this plaintiff left a briefcase containing jewelry valued at some $26,000 with the hotel clerk for safe keeping but the guest did not enter into any written contract "providing 'a greater liability'." Thus, in the precise terms of the statute the hotel is not "responsible in an amount in excess of $300 for the loss or theft, etc."

Plaintiff-Appellant contends that this statute merely limits the liability of a hotel as an "insurer," the common law concept of an innkeeper's responsibility; whereas, he contends it does not purport to eliminate the hotel keeper's liability for ordinary negligence.

We did not construe the other section 52–110 as being so limited and there is no basis for our so construing the section before us here. See Jones v. Savannah Hotel Company, 141 Ga. 530, 81 S.E. 874, 51 L.R.A.,N.S., 1168, construing a predecessor statute. We conclude as we did in the *Dinkler* case, supra, that this statute spells out the limitations on the liability of hotel keepers whose guests

place themselves within the terms of the statute.

The judgment of the trial court dismissing the complaint for want of jurisdictional amount ·in controversy is affirmed.